RITA BERRY, Plaintiff

v.

VIRGIN ISLANDS WATER AND POWER AUTHORITY,
Defendant/Third-Party Plaintiff

v.

VITRACO MALL, PARTNERSHIP, NIL KORST and JOSEPH S.
SAMSON, Individually and as Partners of VITRACO MALL, AN-
TILLES COOLING CO., d/b/a/ SCOMAR, INC., Third-Party De-
fendants

Civil No. 1988-22

District Court of the Virgin Islands

Div. of St. Croix

April 25, 1990

JEFFREY B.C. MOORHEAD, ESQ. (LAW OFFICES OF WINSTON
HODGE), St. Croix, V.I., *for plaintiff*

HENRY E. THOMAS, ESQ. (LAW OFFICES OF ANDREW CAPDEVILLE),
St. Thomas, V.I., *for defendant*

WILFREDO A. GEIGEL, ESQ., St. Croix, V.I., *for third-party defend-
ant Vitraco Mall*

RICHARD B. KNOEPFEL, ESQ. (BRIGGS, KNOEPFEL & RONCA), St.
Thomas, V.I., *for third-party defendant Antilles Cooling*

BROTMAN, *District Judge*

## MEMORANDUM

Before the court is the motion of plaintiff, Rita Berry ("Berry"),

for summary judgment against defendant, Virgin Islands Water and Power Authority ("WAPA"). Berry claims injuries resulting from the alleged inhalation of toxic gas on or about September 28, 1987, while inside WAPA's Vitraco Park Office on St. Croix to pay her electricity bill. Because material issues of fact exist, Berry's motion will be denied.

## I. FACTS AND PROCEDURE

On the morning of September 28, 1987, at WAPA's Vitraco Mall Office, Miracle Mile, Christiansted, St. Croix, several employees complained to their supervisors that they smelled a strange odor or gas inside the office. These complaining employees noticed the smell when they first arrived at WAPA's office at about 8:00 a.m. or soon thereafter, on that morning. The gas irritated the eyes and throats of these employees.

In her affidavit in support of her motion, Berry alleges that at about 10:00–10:30 a.m., on September 28, 1987, she entered WAPA's office to pay her electricity bill. Berry claims that while standing in line to pay her electricity bill at WAPA's office, she smelled a "funny odor," her eyes and nose started to burn, and her throat became dry. Berry also claims that since that day at WAPA she has had respiratory problems. In her unverified complaint, Berry claims that as a result of her breathing the odor or gas at WAPA's office, she has become mentally and physically incapacitated, has incurred medical expenses, and is permanently disabled.

Berry argues that WAPA knew of the presence of a toxic gas on its premises and failed to take adequate steps or precautions to protect the public from the alleged dangers posed thereby. Berry essentially claims that WAPA knew of a danger of gas on its premises at approximately 8:00 a.m. and that it was unreasonable for WAPA not to have closed the office or otherwise prevented the public from breathing the gas or odor by 10:00–10:30 a.m., the time when she allegedly entered the office.

WAPA responds by arguing that it conducted a diligent search and inspection of the premises and that once it determined that the odor posed a potential danger to the public, WAPA closed the office to employees and the general public. WAPA also claims that it called several government agencies and its own maintenance crew to investigate the matter. WAPA continues by arguing that whether its actions in responding to the odor were reasonable or not is a question

of fact for the jury to determine. Finally, WAPA argues that Berry has failed to establish the necessary element of causation.

## II. DISCUSSION

Berry claims that she was a business invitee on WAPA's premises and that the Restatement (Second) of Torts § 343 (1965) applies in determining WAPA's liability. WAPA has not challenged the applicability of section 343. Section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343. The answers to the issues posed by subsections (a), (b), and (c) above all clearly involve questions of fact, which a jury must decide. See David v. Pueblo Supermarkets of St. Thomas, Inc., 740 F.2d 231, 236 (3d Cir. 1984) ("it is a question of fact for the jury whether, under all the circumstances, the defective condition of the floor in the store existed long enough so that it would have been discovered with the exercise of reasonable care."). Cf. Schorah v. Baltimore and Ohio R.R. Co., 596 F. Supp. 256, 260 (D. Del. 1984) ("Questions of negligence are rarely decided on a motion for summary judgment. . . ."). Consequently, Berry's motion for summary judgment must be denied. In light of the court's decision in this regard, it is not necessary to address WAPA's additional argument concerning causation.

## III. CONCLUSION

Because material issues of fact remain which a jury must determine, Berry's motion for summary judgment must be denied. An appropriate order will be entered.

## ORDER

THIS MATTER having come before the court on plaintiff's motion for summary judgment against defendant, Virgin Islands Water and Power Authority; and

The court having considered the arguments of counsel; and
For the reasons set forth in the court's memorandum of this date;
IT IS on this 25th day of April, 1990, hereby
ORDERED:
THAT plaintiff's motion for summary judgment is DENIED.