**JEREMY M. SIMKINS, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS THROUGH DEPARTMENT OF PUBLIC WORKS, VIRGIN ISLANDS WATER MANAGEMENT AUTHORITY & THE BANK OF NOVA SCOTIA, Defendants**

Case No. SX-08-CV-214

Superior Court of the Virgin Islands

Division of St. Croix

September 23, 2014

BRADY, *Judge*

## MEMORANDUM OPINION & ORDER

(September 23, 2014)

THIS MATTER is before the Court on Defendant Bank of Nova Scotia's ("BNS") Motion for Summary Judgment ("Motion") and Memorandum of Law in Support thereof, filed September 24, 2009;[1] Defendant BNS's Renewed Motion for Summary Judgment ("Renewed Motion"), filed September 13, 2013; and Plaintiff's Opposition thereto ("Opposition"), filed November 4, 2013. For the reasons discussed in this Memorandum Opinion and Order, the Motion will be granted.

Also before the Court is Defendant BNS's Motion to Supplement Statement of Undisputed Material Facts ("Motion re Supplement Facts"), filed March 1, 2010; Plaintiff's Response thereto, filed March 16, 2010; and Defendant BNS's Reply, filed March 26, 2010. Because the Court finds that BNS's Renewed Motion supersedes its Motion re Supplemental Facts, the Motion re Supplemental Facts will be denied as moot.

---

[1] In response to Defendant BNS's original Motion, Plaintiff filed his "Rule 56(f) Motion" on October 26, 2009 (prior to the 2010 amendment by which Rule 56(d) now addresses the same issues), arguing that the Motion must be denied because "[t]his case is in its infancy and Plaintiff has not been afforded the opportunity to conduct the full and fair discovery needed to respond properly and fairly." Rule 56(f) Motion, at 2. Nearly five years have passed since Plaintiff filed his motion seeking additional discovery, ample time within which to conduct all discovery deemed necessary. Plaintiff's Opposition makes no mention of Rule 56(f) (or (d)) or the need for additional discovery. As such, Plaintiff's Rule 56(f) Motion will be denied.

Also before the Court is Plaintiff's Motion to Compel Defendant The Bank of Nova Scotia to Supplement its Responses to Discovery ("Motion to Compel"), filed June 25, 2010; Defendant BNS's Opposition thereto, filed July 8, 2010; and Plaintiff's Reply, filed August 6, 2010. Further, Defendant BNS's Notice to the Court Regarding Scotiabank's Discovery Responses and Disclosures ("Notice re Discovery") was filed June 12, 2013, stating, *inter alia*, that BNS "has produced all documents and materials that are responsive to Plaintiff's discovery requests, and further states that there are no other documents responsive to Plaintiff's discovery requests." Plaintiff has not objected to BNS's Notice re Discovery, and his Motion to Compel will be denied as moot.

## BACKGROUND

Plaintiff Jeremy Simkins' Verified Complaint alleges that on January 24, 2008, while walking on a sidewalk in downtown Christiansted, he stepped on a manhole cover, which flipped up, causing him to fall into a hole several feet deep, thereby causing injury. Verified Complaint, ¶¶ 6-9. Defendant BNS operated a commercial banking enterprise on the ground floor of a rented building at 1156 King Street, Christiansted Town. The parking lot to the rear of the bank premises abutted the sidewalk where Plaintiff's alleged injury occurred. Plaintiff claims that the manhole cover was negligently placed or installed, was not properly maintained, and that Defendants failed to warn him of this dangerous condition. *Id*. at ¶¶ 12-14. Now before the Court is BNS's Motion seeking entry of summary judgment.

## DISCUSSION

### I. LEGAL STANDARD

A movant will prevail on a motion for summary judgment where the record shows the existence of no dispute regarding any genuine issue of material fact, and that the movant is entitled to judgment as a matter of law.[2] FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008). The Court must determine whether there exists a genuine dispute as to a material fact, the determination of

---

[2] FED. R. CIV. P. 56 is applicable to this Court pursuant to SUPER. CT. R. 7.

which will affect the outcome of the action under the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute is genuine if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Id.*

In analyzing the evidence, the Court must consider the pleadings and full factual record, drawing all justifiable inferences in favor of the nonmoving party, to determine whether the movant has met its burden of showing there is no genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A party opposing a motion for summary judgment may not rest upon the allegations or denials within its pleadings, but must set forth affirmative evidence showing that there is a genuine issue for trial, such that the jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248.

## II. ANALYSIS

◼ While the facts of this case are largely undisputed, BNS and Plaintiff disagree as to whether BNS owed a duty to Plaintiff to maintain the sidewalk; to report the defective manhole cover; or to warn pedestrians in the area of the allegedly dangerous condition. This Court, in the exercise of its "concurrent authority with [the Supreme] Court to shape Virgin Islands common law" in the absence of local law to the contrary or binding precedent, must conduct a *"Banks* analysis" to determine the applicable common law. *Government of the Virgin Islands v. Connor*, 60 V.I. 597, 604 (V.I. 2014); *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). Here, because it appears that no local statute or binding precedent addresses the question of whether a commercial lessee owes a duty to members of the public relative to the condition of an abutting sidewalk not within the premises or control of the lessee, a *Banks* analysis is appropriate.[3]

◼ The *Banks* analysis consists of a balancing of the following three non-dispositive factors: (1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority

---

[3] Although *Banks* was decided in 2011, and BNS's Renewed Motion was filed in September 2013, BNS continues to rely almost entirely on the Restatement, without conducting a *Banks* analysis. As such, BNS's Renewed Motion is of limited use in the Court's review.

of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the Virgin Islands. *Simon v. Joseph*, 59 V.I. 611, 623 (V.I. 2013).

## A. Review of *Banks* Factors

### 1.) *Whether any Virgin Islands courts have previously adopted a particular rule*

The Court has found no cases wherein any Virgin Islands court has previously adopted a particular rule as it would apply to the issue of the duty of BNS as a lessee of commercial property to members of the public relative to the condition of an abutting public sidewalk, nor has either party cited any such case. Therefore, the Court finds that no rule has been previously adopted by any court of the Virgin Islands.

### 2.) *The position taken by a majority of courts from other jurisdictions*

A survey of case law from other jurisdictions reveals that the vast majority place no duty upon the possessor of land abutting a public sidewalk relative to the risk posed by the condition of the sidewalk, regardless of whether the possessor's interest in the land is commercial or residential,[4] unless the possessor of the abutting land created the

---

[4] Plaintiff argues inaccurately that "[i]t is well-accepted that a distinction exists between commercial and residential property owners for the purpose of imposing a duty to maintain sidewalks," citing *Luchejko v. City of Hoboken*, 207 N.J. 191, 195, 23 A.3d 912 (N.J. 2001). Opposition, at 9. *Luchejko* does stand for the proposition that New Jersey courts distinguish between commercial and residential property owners for the purpose of imposing a duty to maintain public sidewalks. However, Plaintiff misstates the state of national jurisprudence by characterizing this proposition as being "well-accepted" or widely held. In fact, the Court finds that no other jurisdiction except New Jersey makes a distinction for such cases, and Plaintiff cites no source other than New Jersey case law to support his claim that there exists a "well-accepted" distinction between duties owed by possessors of residential and commercial abutting properties. Nonetheless, Plaintiff implies that the cited New Jersey case law is binding, stating that "Scotiabank cannot then rely upon the Commercial Lease to shift responsibility for the sidewalk condition to the Landlord." Opposition, at 14-15. Plaintiff's argument is disingenuous in that he does not acknowledge that he is asking the Court to adopt New Jersey common law, but rather suggests that the New Jersey minority view of the distinction between the duties of commercial and residential adjoining property owners is binding. Where applicable case law is absent, Plaintiff is well within his rights, and even has a duty, to argue which law this Court should adopt. However, by misstating the applicability of his cited case law as binding precedent, Plaintiff greatly reduces the credibility of his arguments.

risk.[5] *See also* 88 A.L.R.2d 331 (1963).[6]

---

[5] Research reveals that only two jurisdictions — New Jersey and Pennsylvania — hold that the abutting land possessor owes a duty to individuals to maintain the condition of public sidewalks when the possessor of the property has taken no action to create the dangerous condition. *See Luchejko, supra,* and *Mull v. Ickes,* 2010 PA Super 80, 994 A.2d 1137, 1140 (2010) ("Pennsylvania law provides that property owners have a duty to keep their sidewalks in a reasonably safe condition for travel by the public."). All other jurisdictions appear to follow the contrary majority rule. Without providing a complete fifty state survey, a sampling of the adopted common law rules from jurisdictions across the country follows: New York (*Acosta v. City of New York,* 24 A.D.3d 291, 292, 808 N.Y.S.2d 29 (2005) ("A landowner has no duty to the public to maintain the sidewalk abutting its premises in a safe condition and cannot be held liable for the condition of the sidewalk unless it creates a defective condition or uses the sidewalk for a special purpose.")); North Carolina (*Williams v. City of Durham,* 123 N.C. App. 595, 473 S.E.2d 665, 668 (1996) ("The well-established common law rule is that the duty to keep sidewalks in a reasonably safe condition rests with the municipality rather than with abutting landowners.")); Rhode Island (*Wyso v. Full Moon Tide, LLC,* 78 A.3d 747, 751-52 (R.I. 2013) ("[Plaintiff] overlooked a significant amount of our jurisprudence providing that a property owner owes no duty to individuals for the condition of public sidewalks when the property owner has taken no action to create the dangerous condition . . . a property owner who owes no duty of care to an individual also owes no duty to warn those individuals.")); South Dakota (*Patitucci v. City of Hill City,* 2013 SD 62, 836 N.W.2d 623, 629 (2013) ("Under common law, landowners abutting public sidewalks generally do not owe a duty to keep them in a reasonably safe condition. An exception exists when the abutting owner creates or maintains an excavation or other artificial condition on the sidewalk.")); Texas (*City of El Paso v. Chacon,* 148 S.W.3d 417, 427 (Tex. App. 2004) ("In the absence of a valid ordinance to the contrary, the owner or occupant of land abutting a public sidewalk does not owe a duty to the general public to keep the sidewalk in a safe condition.")); Washington (*Rivett v. City of Tacoma,* 123 Wn.2d 573, 870 P.2d 299, 301 (1994) ("It is also clear that cities are legally responsible for the physical condition of public sidewalks, and that an abutting property owner is not legally responsible for the physical condition of a public sidewalk unless that property owner causes or contributes to the condition.")); Wisconsin (*Jones v. United States,* 703 F.2d 246, 248 (7th Cir. 1983) ("[T]he Wisconsin Supreme Court has stated that in the absence of dominion and control sufficient to bring the safe place statute into play, the general rule in Wisconsin is that abutting landowners (or lessees) are liable for only such defects or dangerous conditions in a public way as are created by active negligence on their part." (internal quotation omitted)).

[6] Plaintiff argues that BNS's citation to 88 A.L.R.2d 331 (1963) is "not instructive to this case" because it is "more than fifty years old and the law has changed considerably since then as evidenced by the 1981 *Steward* case . . . ." Again, Plaintiff misstates the state of the general American jurisprudence. The only "considerable" change appears to be New Jersey's adoption of a form of Pennsylvania's minority rule. The shift of a single state's jurisprudence from the majority rule to the minority rule does not constitute a sea change in national jurisprudence and does not render the majority position reflected in the jurisprudence of 48 states to be "not instructive."

This rule is also consistent with the most recent version of the RESTATEMENT (THIRD) OF TORTS: Liability for Physical and Emotional Harm, § 54(c) (2010), which states that "a possessor of land adjacent to a public walkway has no duty under this Chapter with regard to a risk posed by the condition of the walkway to pedestrians or others if the land possessor did not create the risk."[7]

On the basis of the foregoing, the Court finds that the vast majority of courts from other jurisdictions take the position that unless the abutting land possessor created the risk, the possessor of land adjacent to a public walkway has no duty to pedestrians with regard to a risk posed by the condition of the public walkway.

### 3.) *Which approach represents the soundest rule for the Virgin Islands*

Plaintiff argues that this Court should adopt a rule similar to that of New Jersey, which states that "a plaintiff has a cause of action against a commercial property owner for injuries sustained on a deteriorated sidewalk abutting that commercial property when that owner negligently fails to maintain the sidewalk in reasonably good condition." *Stewart v. 104 Wallace St., Inc.*, 87 N.J. 146, 432 A.2d 881, 883 (1981). In support of this argument, Plaintiff cites several public policy considerations, the most persuasive of which is "the resulting incentive to keep the abutting sidewalk in good repair." Opposition, at 14.

It is true that the adoption of the minority rule would be a strong incentive for Virgin Islands businesses to keep public sidewalks adjacent to their commercial premises in good condition. However, shifting the

---

[7] RESTATEMENT (THIRD) OF TORTS: Liability for Physical and Emotional Harm (2010), § 54 Duty of Land Possessors to Those Not on the Possessor's Land, states:

> (a) The possessor of land has a duty of reasonable care for artificial conditions or conduct on the land that poses a risk of physical harm to persons or property not on the land.
> (b) For natural conditions on land that pose a risk of physical harm to persons or property not on the land, the possessor of the land
>
> > (1) has a duty of reasonable care if the land is commercial; otherwise
> > (2) has a duty of reasonable care only if the possessor knows of the risk or if the risk is obvious.
>
> (c) Unless Subsection (b) applies, a possessor of land adjacent to a public walkway has no duty under this Chapter with regard to a risk posed by the condition of the walkway to pedestrians or others if the land possessor did not create the risk.

burden of maintaining public properties to possessors of adjacent land may have far-reaching and unintended consequences, including without limitation, relieving and absolving the governmental owner of the public way with the duty to maintain it; and the uncertainty, costs, burdens of inspection and maintenance, and potential for inconsistent application of standards of liability with regard to non-owned property for possessors of adjacent land.

■ Without stronger support in the case law and common law of other jurisdictions, the Court cannot find that placing the burden of maintaining public property on adjacent Virgin Islands property owners and possessors is the best rule for the Virgin Islands. Consistent with the rule followed by the vast majority of jurisdictions in the United States, the Court will adopt the rule that a property owner or leasee owes no duty to individuals for the condition of public sidewalks abutting that property, when the property owner or leasee has taken no action to create the dangerous condition.

## B. Plaintiff's negligence claim against BNS

■ "Establishing a claim of negligence requires the plaintiff to demonstrate that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the defendant's negligence caused the plaintiff's injury." *Brady v. Cintron*, 55 V.I. 802, 823 (V.I. 2011), *citing Sealey-Christian v. Sunny Isle Shopping Center, Inc.*, 52 V.I. 410, 420 (V.I. 2009). Although negligence claims are rarely decided on a motion for summary judgment,[8] "[t]he nature of the legal duty owed by a defendant is generally a question of law." *Sealey-Christian*, 52 V.I. at 420, *quoting Gov't of the V.I. v. Turbe*, 938 F.2d 427, 429 (3d Cir. 1991).

■ Because the rule the Court has adopted, as discussed above, holds that BNS as possessor of adjacent property owed no legal duty to Plaintiff as a pedestrian on the abutting public sidewalk, Plaintiff's negligence claim against BNS cannot stand.

■ Plaintiff's claim against BNS relies on the allegation that BNS "failed to properly maintain the sidewalk, failed to report the defective manhole cover, and failed to warn pedestrians traversing the area, of the unsafe conditions of the manhole on the sidewalk." Opposition, at 2.

---

[8] *See Berry v. Virgin Islands Water & Power Auth.*, 25 V.I. 185, 187 (D.V.I. 1990).

83

Nowhere has Plaintiff alleged that Defendant BNS "created" the alleged dangerous condition of the manhole cover. Absent such a showing, BNS owed no duty to Plaintiff to maintain, report, or warn Plaintiff of the alleged dangerous condition of the sidewalk. *See Wyso v. Full Moon Tide, LLC*, 78 A.3d 747, 751-52 (R.I. 2013) ("a property owner owes no duty to individuals for the condition of public sidewalks when the property owner has taken no action to create the dangerous condition . . . a property owner who owes no duty of care to an individual also owes no duty to warn those individuals.").

Because Defendant BNS owed no duty to Plaintiff, Plaintiff's *res ipsa loquitor* argument also fails, as that attenuated argument also hinges on the premise that Defendant BNS owed a duty of care to Plaintiff. Opposition, at 24.

Taking Plaintiff's well pleaded facts as true, Defendant BNS owed no legal duty to Plaintiff with regard to the condition of the public sidewalk adjacent to its business premises, and thus, BNS's motion for summary judgment will be granted.[9]

On the basis of the foregoing, it is hereby

ORDERED that Plaintiff's Rule 56(f) Motion is DENIED. It is further

ORDERED that Defendant BNS's Motion to Supplement is DENIED as moot. It is further

ORDERED that Plaintiff's Motion to Compel is DENIED as moot. It is further

ORDERED that Defendant BNS's Renewed Motion for Summary Judgment is GRANTED, and that Plaintiff's Verified Complaint against BNS is DISMISSED with prejudice.

---

[9] The Court notes that BNS has filed its Crossclaim against Defendants Government of the Virgin Islands and Virgin Islands Waste Management Authority, claiming that "should a judgment and damages be entered against Defendant the Bank of Nova Scotia, the Bank is entitled to indemnification and/or contribution from either the Government of the Virgin Islands or the Virgin Islands Waste Management Authority, or both." Crossclaim, at ¶ 4. Notwithstanding the dismissal of Plaintiff's Verified Complaint against BNS, the Court takes no action *sua sponte* to address the continuing viability of BNS's Crossclaim.