**PHILLIP A. TUTEIN, JR., Plaintiff**
**v.**
**FORD MOTOR COMPANY and METRO MOTORS S.C., INC.,**
**Defendants**

SX-2010-CV-018

Superior Court of the Virgin Islands

Division of St. Croix

December 23, 2016

139

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

### (December 23, 2016)

**THIS MATTER** came before the Court on Defendant Ford Motor Company (hereinafter "Ford") and Defendant Metro Motors S.C., Inc.'s (hereinafter "Metro" and together with Defendant Ford, "Defendants") motion *in limine* to exclude any testimony, evidence or argument concerning discovery disputes, filed on August 29, 2016.[1] Thereafter, Plaintiff Phillip Tutein, Jr. (hereinafter "Plaintiff") filed an opposition and Defendants filed a reply.

## BACKGROUND[2]

On January 13, 2010, Plaintiff filed a complaint against Defendants for injuries Plaintiff sustained as the result of alleged defects in the vehicle he was driving on or about November 2, 2008. Plaintiff alleged that the vehicle was designed and manufactured by Defendant Ford and sold by Defendant Metro.

## STANDARD OF REVIEW

■ It is not uncommon for parties to file and for the courts to rule on motions *in limine*[3] prior to trial in this jurisdiction. *See, e.g., Corriette v. Morales*, 50 V.I. 202, 203-04 (V.I. 2008) (noting that the trial court ruled on the defendant's motions *in limine* prior to trial); *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 232 (V.I. 2013) (noting that the trial court ruled

---

[1] Defendants technically filed one single motion *in limine* seeking relief on various bases and filed separate memoranda of law in support of the independent relief requested. For the sake of clarity and efficiency, the Court will address and enter separate memorandum opinions and/or orders for each independent relief requested.

[2] This memorandum opinion recites the factual background only to the extent necessary to explain the present issues and the bases of the Court's decision.

[3] Black's Law Dictionary defines "motion *in limine*" as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial" and explains that, "[t]ypically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." BLACK'S LAW DICTIONARY, 10th ed. 2014.

on the plaintiff's motion *in limine* at the beginning of the trial); *Creative Minds, LLC v. Reef Broad., Inc.*, ST-11-CV-131, 2014 V.I. LEXIS 81, at \*23 (Super. Ct. 2014) (the court denied the motion *in limine* prior to trial). In considering a motion *in limine*, there are certain situations where the court should defer ruling on an evidentiary issue, such as when the nature and/or relevance of the evidence is unclear before trial. However, if parties had the opportunity to fully brief an issue and the Court is able to make a definitive ruling, then it is practical for the Court to rule on the evidentiary issue raised in the pretrial motion *in limine* to avoid unnecessary interruptions during trial.

## DISCUSSION

In their motion *in limine*, Defendants argued that "[t]he parties' compliance with pre-trial discovery rules has no relevancy to the issues in this case." Thus, Defendants requested the Court to grant their motion and prevent "Plaintiff, Plaintiff's witness or Plaintiff's counsel from mentioning any discovery disputes that have occurred in this case, including but not limited to the Court striking the expert report of Mr. Howard Slater." In his opposition, Plaintiff argued that the Court "should deny Defendants' motion as premature and await a specific objection during trial with regard to specific testimony or evidence." Plaintiff noted that, "[f]or example, Defendants may attempt to introduce testimony or make arguments to the jury that Plaintiff failed [sic] introduce certain documentation and Plaintiff must be permitted to rebut any such testimony or argument by showing that Plaintiff moved to compel the documents or evidence but Defendants never produced." In their reply, Defendants asserted that "notwithstanding Plaintiff's assertions to the contrary, motions *in limine* are a common litigation tool that invoke a vital gatekeeping function by the Courts." Defendants further asserted that "[i]t is a well-accepted principle that pre-trial discovery disputes are generally deemed irrelevant and inadmissible at trial."

### 1. Admissibility of Evidence

█ When determining whether the evidence is admissible, the Court must first consider the relevancy of the evidence. Under Federal Rule of

Evidence 401,[4] "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. "The 'any tendency' language makes the standard for [Federal] Rule [of Evidence] very easy to satisfy." *Thomas v. People of the Virgin Islands*, 60 V.I. 183, 196 (V.I. 2013). Irrelevant evidence is not admissible. FED. R. EVID. 402. Relevant evidence is admissible unless provided otherwise in the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court of the United States. *Id.* However, with that said, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

■ This product liability lawsuit concerns alleged defects in the vehicle Plaintiff was driving on or about November 2, 2008. Defendants anticipate that "Plaintiff may attempt to offer argument or testimony concerning discovery disputes that have occurred in this case . . . including but not limited to this Court's striking of the report of [Defendant] Ford's expert, Mr. Howard Slater" and thus, Defendants filed this instant motion *in limine* to exclude any testimony, evidence or argument concerning discovery disputes at trial. At this time, the Court finds that the testimony, evidence or argument concerning discovery disputes between parties in this matter — such as whether a party has complied with the discovery or filing deadlines — does not have any tendency to make a fact more or less probable than it would be without the evidence and such evidence are not of consequence in determining the action. Thus, any testimony, evidence or argument concerning discovery disputes is irrelevant, and therefore inadmissible. Even assuming *arguendo* that the testimony, evidence or argument concerning discovery disputes is relevant, the Court will still exclude such testimony, evidence or argument at trial because presumably, the jurors have very little or no knowledge or understanding of the discovery procedures. Therefore, the probative value of the testimony, evidence or argument concerning

---

[4] Act No. 7161 repealed the Uniform Rules of Evidence and officially adopted the Federal Rules of Evidence to be used in the courts of the U.S. Virgin Islands. *See Simmonds v. People*, 59 V.I. 480, 502 (V.I. 2013).

discovery disputes, if any, will be substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time. In light of the Court's analysis, it is only fair that the Court exclude any testimony, evidence or argument concerning discovery disputes from both Plaintiff's side — including Plaintiff, Plaintiff's witnesses and Plaintiff's counsel — and Defendants' side — including Defendants, Defendants' witnesses and Defendants' counsel. In the event that a specific situation arises at trial where it appears to be necessary for Plaintiff or Defendants to provide testimony, evidence or argument concerning discovery disputes, parties may raise this issue at that time and the Court will re-evaluate the relevancy and the probative value of said testimony, evidence or argument as to that specific situation.

## CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion *in limine* to exclude any testimony, evidence or argument concerning discovery disputes, filed on August 29, 2016. An order consistent with this memorandum opinion will follow.