**FRANCIS EDWARD, Plaintiff**
**v.**
**GENOA INC., KEN BROWN and GEC, LLC, Defendants**

Case No. SX-11-CV-202
Superior Court of the Virgin Islands
Division of St. Croix
January 23, 2017

WILLOCKS, *Superior Court Judge*

## MEMORANDUM OPINION

### (January 23, 2017)

**THIS MATTER** came before the Court on Defendant GEC, LLC's (hereinafter "GEC") motion *in limine* re: witnesses and responses to written discovery, filed on August 29, 2016 (hereinafter "Motion *in Limine*"). Plaintiff Francis Edward (hereinafter "Plaintiff") filed an opposition on September 1, 2016.

### BACKGROUND[1]

In 2011, Plaintiff commenced a lawsuit against Genoa Inc. (hereinafter "Genoa"), Ken Brown (hereinafter "Brown"), and GEC as defendants for a work-related injury Plaintiff sustained on March 8, 2011. Plaintiff appeared to allege a negligence cause of action against Defendants[2] and sought damages along with costs and fees. Thereafter, in an order dated

---

[1] This memorandum opinion recites the factual background only to the extent necessary to explain the present issues and the bases of the Court's decision.

[2] Plaintiff did not plead any claims by name in his three-page first amended complaint containing 18 paragraphs. The Court has taken a liberal view of the first amended complaint to infer plausible causes of action since "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Based on the following paragraph, the Court construed the first amended complaint to allege a negligence cause of action against Defendants:

> 17. Defendant GEC, LLC so controlled the work being done by Genoa and Brown and failed to provide the Plaintiff with the needed equipment among other acts of negligence.
> 18. As a direct and proximate result of the Defendants' negligent acts and omissions, the Plaintiff suffered physical injuries, medical expenses, loss of income, loss of capacity

January 17, 2013, the Court dismissed this action with prejudice as to Genoa and Brown pursuant to their stipulation.[3]

On September 16, 2011, Defendant GEC served its first set of interrogatories upon Plaintiff. Plaintiff served its responses thereto upon Defendant GEC on October 31, 2011. On August 15, 2016, Plaintiff filed a supplemental response to Defendant GEC's first set of interrogatories as to interrogatories 2, 7, 15, 17, 19, 20, 22, and 23. On August 29, 2016, Defendant GEC filed this instant Motion *in Limine*. Subsequently, the Court entered an order whereby the Court granted in part and denied in part Defendant GEC's Motion *in Limine* regarding witnesses, ordered Defendant GEC to submit a copy of (1) Defendant GEC's first set of interrogatories; (2) Plaintiff's responses thereto; and (3) Plaintiff's first supplemental response thereto, and reserved its ruling as to Defendant's Motion *in Limine* regarding responses to written discovery pending receipt of the aforementioned documents. On January 17, 2017, Defendant GEC submitted the aforementioned documented. This matter is currently scheduled to commence trial on January 23, 2017.[4]

## STANDARD OF REVIEW

█ It is not uncommon for parties to file and for the courts to rule on motions *in limine*[5] prior to trial in this jurisdiction. *See, e.g., Corriette v. Morales*, 50 V.I. 202, 203-04 (V.I. 2008) (noting that the trial court ruled on the defendant's motions *in limine* prior to trial); *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 232 (V.I. 2013) (noting that the trial court ruled on the plaintiff's motion *in limine* at the beginning of the trial); *Creative Minds, LLC v. Reef Broad., Inc.*, ST-11-CV-131, 2014 V.I. LEXIS 81, at *23 (Super. Ct. 2014) (the court denied the motion *in limine* prior to trial). In

---

to earn income, mental anguish, pain and suffering and loss of enjoyment of life all of which are expected to continue into the foreseeable future.

[3] On January 9, 2013, Plaintiff and Genoa and Brown filed a stipulation for Plaintiff to dismiss Genoa and Brown with prejudice. Defendant GEC filed a subsequent motion requesting the Court to set aside the dismissal of Genoa and Brown, but ultimately, the Court denied Defendant GEC's motion and did not set aside the dismissal of Genoa and Brown.

[4] This matter was initially scheduled to commence trial on September 6, 2016.

[5] Black's Law Dictionary defines "motion *in limine*" as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial" and explains that, "[t]ypically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." BLACK'S LAW DICTIONARY, 10th ed. 2014.

226

considering a motion *in limine*, there are certain situations where the court should defer ruling on an evidentiary issue, such as when the nature and/or relevance of the evidence is unclear before trial. However, if parties had the opportunity to fully brief an issue and the Court is able to make a definitive ruling, then it is practical for the Court to rule on the evidentiary issue raised in the pretrial motion *in limine* to avoid unnecessary interruptions during trial.

## DISCUSSION

In its Motion *in Limine*, Defendant GEC argued that Plaintiff should not be allowed to amend his responses to Defendant GEC's first set of interrogatories via a supplemental response filed on August 15, 2016. Accordingly, Defendant GEC requested the Court to grant its Motion *in Limine* regarding responses to written discovery and prohibit Plaintiff from amending his responses to Defendant GEC's first set of interrogatories. In his opposition, Plaintiff argued that he filed his supplemental response to Defendant GEC's first set of interrogatories merely to fulfill his duty to supplement under Federal Rule of Civil Procedure 26.

### A. Plaintiff's Supplemental Response

The Court must note at the outset that Plaintiff did not specify whether he intended for his supplemental response to replace his initial response or for his supplemental response to be read in conjunction with his initial response. It appears that, for interrogatories 2, 7, and 15, Plaintiff intended for the supplemental response to replace his initial response, and for interrogatories 17, 19, 20, 22, and 23, Plaintiff intended for the supplemental response to be added to his initial response. The Court will address each interrogatory in turn.

#### 1. Interrogatory 2

■ Interrogatory 2 inquired about the time and date of the alleged occurrence.[6] Plaintiff's initial response stated: "March 8, 2011 between

---

[6] *Defendant GEC's interrogatory 2*: Please state the time of the alleged occurrence as accurately as you can giving the year, month, day, hour and minute.

10:00 a.m. and 11:00 a.m." Plaintiff's supplemental response stated:[7] "March 8 or 9, 2011 between 10:00 a.m. and 11:00 a.m." The Court finds Plaintiff's supplemental response — served on the eve of trial[8] and approximately five years after Plaintiff served his initial response to Defendant GEC's first set of interrogatory[9] — to be untimely. Under Federal Rule of Civil Procedure 26,[10] "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." FED. R. CIV. P. 26(e)(1)(A); *see also Davis*, 59 V.I. at 233. Ergo, Plaintiff was not in compliance with Rule 26 and Plaintiff is not allowed to amend his initial response "unless the failure was substantially justified or is harmless."[11] FED. R. CIV. P. 37(c)(1). Plaintiff did not provide any

---

[7] As noted above, it appears that Plaintiff intended for the supplemental response to replace his initial response for interrogatory 2.

[8] This matter was initially scheduled to commence trial on September 6, 2016.

[9] Plaintiff served his initial response upon Defendant GEC on October 31, 2011. Plaintiff served his supplemental response upon Defendant GEC on August 15, 2016.

[10] The Supreme Court of the Virgin Islands stated in *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 233 (V.I. 2013), that "Federal Rules of Civil Procedure 26 through 37 govern discovery in the Superior Court." (citing SUPER. CT. R. 39(a)) ("Depositions and discovery shall be had in the Superior Court of the Virgin Islands, pursuant to the provisions of Rules 26 to 37, inclusive of the Federal Rules of Civil Procedure."). Federal Rule of Civil Procedure 26 (hereinafter "Rule 26") requires each party to disclose all individuals likely to have discoverable information and all documents in its custody or control that it may use to support its claims or defenses. FED. R. CIV. P. 26(a)(1)(A). The purpose of Rule 26 is "to prevent unfair surprises during trial by putting the opposing party on notice of what evidence will be introduced." *Davis*, 59 V.I. at 235. As such, if a party attempts to introduce individuals and/or documents not previously disclosed and/or produced in discovery, then said party would be in violation of Rule 26(a), for failure to disclose and produce, and Rule 26(e), for failure to supplement its discovery disclosures and productions.

[11] Federal Rule of Civil Procedure 37 (hereinafter "Rule 37") governs sanctions for Rule 26 violations. FED. R. CIV. P. 37; *see also Davis*, 59 V.I. at 236. "The imposition of sanctions for abuse of discovery under [Rule] 37 is a matter within the discretion of the trial court." *Davis*, 59 V.I. at 236 (internal quotation marks and citation omitted). Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). However, the exclusion of evidence is not required for violations of Rule 26 as Rule 37(c)(1) explicitly states that "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard" may impose other sanctions, "including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(c)(1).

evidence to suggest that the failure was substantially justified or harmless.[12] Accordingly, Plaintiff is not permitted to amend his initial response to interrogatory 2 with his supplemental response.

### 2. Interrogatory 7

Interrogatory 7 inquired about what the defendant did or failed to do that caused or contributed to Plaintiff's alleged injuries or damages.[13] Plaintiff's initial response stated: "Defendants failed to provide adequate personnel, a forklift, crane, or bobcat and/or other devices to move the forms. Defendants failed to have Workman's Compensation insurance." Plaintiff's supplemental response stated:[14] "Defendants failed to provide adequate personnel, a forklift, crane, or bobcat and/or other devices to move the forms." The Court finds Plaintiff's supplemental response — served on the eve of trial,[15] approximately five years after Plaintiff served his initial response to Defendant GEC's first set of interrogatory,[16] and approximately three and half years after the Court dismissed Genoa and Brown with prejudice[17] — to be untimely. Ergo, Plaintiff was not in compliance with Rule 26 and Plaintiff is not allowed to amend his initial response "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Plaintiff did not provide any evidence to suggest that the failure was substantially justified or harmless.[18] Accordingly, Plaintiff is not permitted to amend his initial response to interrogatory 7 with his supplemental response.

---

[12] In his opposition, Plaintiff simply stated that "[he] believes that his accident happened on March 8, 2011 but he also recalls that he did not go back to work after his accident and Genoa has produced work records that show Plaintiffs last day of work was March 9, 2011."

[13] *Defendant GEC's interrogatory 7*: Please state fully and in complete detail all that the defendant did or failed to do which in any way caused or contributed to cause your alleged injuries or damages.

[14] As noted above, it appears that Plaintiff intended for the supplemental response to replace his initial response for interrogatory 7. This is supported by Plaintiff's assertion in his opposition that "[a]s to interrogatories #7 and #15, Genoa is no longer a defendant in this case and Plaintiff has supplemented to take out the reference to Genoa having no insurance."

[15] *Supra*, fn.8.

[16] *Supra*, fn.9.

[17] In his opposition, Plaintiff indicated that "Genoa is no longer a Defendant in this case and Plaintiff has supplemented to take out the reference to Genoa having no insurance."

[18] *Supra*, fn.13.

229

### 3. Interrogatory 15

Interrogatory 15 inquired about others that Plaintiff claims to have contributed to his alleged injuries or damages.[19] Plaintiff's initial response stated: "Defendants Genoa and Ken Brown falsely represented to Plaintiff that they were covered by a policy of workers compensation insurance when they knew or should have known they were not. GEC, LLC so controlled the work being done by Genoa and Brown and failed to provide the Plaintiff with the needed equipment among other acts of negligence." Plaintiff's supplemental response stated:[20] "GEC, LLC so controlled the work being done by Genoa and Brown and failed to provide the Plaintiff with the needed equipment among other acts of negligence." The Court finds Plaintiff's supplemental response — served on the eve of trial,[21] approximately five years after Plaintiff served his initial response to Defendant GEC's first set of interrogatory,[22] and approximately three and half years after the Court dismissed Genoa and Brown with prejudice[23] — to be untimely. Ergo, Plaintiff was not in compliance with Rule 26 and Plaintiff is not allowed to amend his initial response "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Plaintiff did not provide any evidence to suggest that the failure was substantially justified or harmless.[24] Accordingly, Plaintiff is not permitted to amend his initial response to interrogatory 15 with his supplemental response.

### 4. Interrogatory 17

■ Interrogatory 17 inquired about any examination, treatment, or care Plaintiff received from physician for any injury or disability that Plaintiff

---

[19] *Defendant GEC's interrogatory 15*: If you claim that the negligence of any other person or persons contributed to cause your alleged injuries or damages, please state name or names and the manner in which they contributed to cause your injuries or damages.

[20] As noted above, it appears that Plaintiff intended for the supplemental response to replace his initial response for interrogatory 15. This is supported by Plaintiff's assertion in his opposition that "[a]s to interrogatories #7 and #15, Genoa is no longer a defendant in this case and Plaintiff has supplemented to take out the reference to Genoa having no insurance."

[21] *Supra*, fn.8.

[22] *Supra*, fn.9.

[23] In his opposition, Plaintiff indicated that "Genoa is no longer a Defendant in this case and Plaintiff has supplemented to take out the reference to Genoa having no insurance."

[24] *Supra*, fn.13.

claims to have suffered or sustained as a result of the alleged occurrence.[25] Plaintiff's initial response stated:

> Dr. Sheldon Williams at Williams Chiropractic Clinic.
> The Village Mall, RR2 Box 10570, Kingshill, St. Croix, VI 00850
> Provided treatment to Plaintiff in March 2011. The extent of the nature of the examination will be reflected in Plaintiff's medical records.
> Dr. Gary Jett
> 20 [sic] Golden Rock, Ste. 101, Christiansted, VI 00820
> Provided treatment to Plaintiff in June 2011. The extent of the nature of the examination will be reflected in Plaintiff's medical records.

Plaintiff's supplemental response stated:[26]

> Dr. Gary Jett
> 3022 Golden Rock, Ste. 101, Christiansted, St. Croix, VI 00820
> Dr. Jett provided treatment to Plaintiff beginning in June 2011, for many months. The extent of the nature of the examination will be reflected in Plaintiff's medical records. Plaintiff returned to Dr. Jett when he returned to the VI in 2016.

The Court finds Plaintiff's supplemental response to be timely. Plaintiff indicated that he returned to Dr. Gary Jett for further treatment in 2016 when he returned to the U.S. Virgin Islands. Furthermore, Plaintiff indicated that these additional medical records were already produced to Defendant GEC. Accordingly, Plaintiff is permitted to supplement his initial response to interrogatory 17 with his supplemental response.

---

[25] *Defendant GEC's interrogatory 17*: Please state each and every date on which you were examined, treated or cared for by a physician while in-patient or an out-patient at any hospital, clinic or other institution for any injury or disability which you claim to have suffered or sustained as a result of the alleged occurrence, setting forth in detail as to each such date of examination treatment or care; given name and address of each doctor or hospital, clinic or institution and the nature and extent of any examination treatment or care you received from each doctor, hospital, clinic or other institution.

[26] As noted above, it appears that Plaintiff intended for the supplemental response to be added to his initial response for interrogatory 17. This is supported by Plaintiff's assertion in his opposition that "[i]nterrogatory #17 simply supplements to add that Dr. Jett continued to see Plaintiff after he answered the interrogatories originally as Defendant knows full well, as Defendant has received the medical records."

### 5. Interrogatory 19

■ ■ Interrogatory 19 inquired about Plaintiff's loss of earning capacity as result of the alleged occurrence.[27] Plaintiff's initial response stated: "I made $12.00/hr. at forty hours a week. My job title was a laborer. Vocational and economic experts will be retained to calculate loss of earning capacity." Plaintiff's supplemental response stated:[28] "See Expert disclosures." While the Court finds Plaintiff's supplemental response — served on the eve of trial,[29] approximately five years after Plaintiff served his initial response to Defendant GEC's first set of interrogatory[30] — to be untimely, the Court finds it harmless because Plaintiff did not try to identify new expert witnesses with his supplemental response but merely referenced his expert disclosures. According to a notice of production attached as exhibit 14 to Plaintiff's opposition, a copy of the Dr. Richard W. Moore's expert report was produced to Defendant GEC on October 31, 2013. Thus, there are no unfair surprises as to Dr. Richard W. Moore. *See Davis*, 59 V.I. at 235 (The purpose of Rule 26 is "to prevent unfair surprises during trial by putting the opposing party on notice of what evidence will be introduced."). Accordingly, Plaintiff is permitted to supplement his initial response to interrogatory 19 with his supplemental response.

### 6. Interrogatory 20

Interrogatory 20 inquired about losses and expenses which Plaintiff claims were incurred by Plaintiff as result of the alleged occurrence.[31]

---

[27] *Defendant GEC's interrogatory 19*: If you are claiming any loss of earning capacity as result of the alleged occurrence, please state the total amount of earnings which you lost as a result of your absence, and the nature of your employment immediately prior to the alleged occurrence, indicating your job title, classification or position, and the last day your worked prior to the accident.

[28] As noted above, it appears that Plaintiff intended for the supplemental response to be added to his initial response for interrogatory 19. This is supported by Plaintiff's assertion in his opposition that "[i]nterrogatory #19 and #20 and #23 are simply supplemented to reference the expert report of Dr. Moore, which Defendant had since the expert disclosure period."

[29] *Supra*, fn.8.

[30] *Supra*, fn.9.

[31] *Defendant GEC's interrogatory 20*: Please give an account, itemized as fully and as carefully as you can of all losses and expenses which you claim were incurred by you as result of the alleged occurrence, stating in your answer to what those losses or expenses pertain.

Plaintiff's initial response stated: "Dr. Sheldon Williams — amount will be established in bill once obtained. Dr. Gary Jett — amount will be established in bill once obtained. I sold my care for $8000.00 in order to pay bills. I also lost the use of my cell phone that I paid $100.00 monthly. I had to take my son out of private school that I paid about $300.00 monthly. I have lost and will continue to lose income. An economist will calculate same." Plaintiff's supplemental response stated:[32] "See Expert disclosures." Again, while the Court finds Plaintiff's supplemental response — served on the eve of trial,[33] approximately five years after Plaintiff served his initial response to Defendant GEC's first set of interrogatory[34] — to be untimely, the Court finds it harmless because Plaintiff did not try to identify new expert witnesses with his supplemental response but merely referenced his expert disclosures. According to a notice of production attached as exhibit 14 to Plaintiff's opposition, a copy of the Dr. Richard W. Moore's expert report was produced to Defendant GEC on October 31, 2013. Thus, there are no unfair surprises as to Dr. Richard W. Moore. *See Davis*, 59 V.I. at 235 (The purpose of Rule 26 is "to prevent unfair surprises during trial by putting the opposing party on notice of what evidence will be introduced."). Accordingly, Plaintiff is permitted to supplement his initial response to interrogatory 20 with his supplemental response.

### 7. Interrogatory 22

■ Interrogatory 22 inquired about others who have knowledge of the facts of this case.[35] Plaintiff's initial response stated:

> Dr. Gary Jett, #3022 Golden Rock, Suite 101, St. Croix, VI 00823 Has knowledge of how the incident has affected the Plaintiff. Treated Plaintiff as result of his injuries.

---

[32] As noted above, it appears that Plaintiff intended for the supplemental response to be added to his initial response for interrogatory 20. This is supported by Plaintiff's assertion in his opposition that "[i]nterrogatory #19 and #20 and #23 are simply supplemented to reference the expert report of Dr. Moore, which Defendant had since the expert disclosure period."

[33] *Supra*, fn.8

[34] *Supra*, fn.9.

[35] *Defendant GEC's interrogatory 22*: Please state the names and addresses of all persons having knowledge of the facts of this case and detail the full extent of each person's knowledge, including eye witnesses to the accident.

Dr. Sheldon Williams, Williams Chiropractic Clinic, The Villages Mall, RR2 Box 10570, Kingshill, St. Croix, VI 00850

Has knowledge of how the incident has affected the Plaintiff. Treated Plaintiff as result of his injuries.

Emily Rene, wife, 292 Grove Place, Frederiksted, VI 00840

Has knowledge of how the incident has affected the Plaintiff financially emotionally and physically.

Aston Brown, former foreman, address currently known

Has knowledge of the incident.

Defendants Genoa and Ken Brown, c/o counsel

Falsely represented to Plaintiff that they were covered by a policy of workers compensation insurance when they knew or should have known they were not.

GEC, LLC, c/o counsel

So controlled the work being done by Genoa and Brown and failed to provide the Plaintiff with the needed equipment among other acts of negligence.

Plaintiff's supplemental response stated:[36]

Hector Belardo

See deposition testimony

Agnes Renee, mother in law, 915 Green Terrace Lane, Duncanville, Texas 75137

Agnes Renee has knowledge of Plaintiff's pain and suffering and his inability to do activities.

Nicholson Renee, father in law, 915 Green Terrace Lane, Duncanville, Texas 75137

Nicholson Renee has knowledge of Plaintiff's pain and suffering and his inability to do activities.

Jim Mathurin, Estate Princess

Jim Mathurin has knowledge of the changes in Plaintiff since the accident.

Frank Weatherwax

---

[36] As noted above, it appears that Plaintiff intended for the supplemental response to be added to his initial response for interrogatory 22.

See deposition testimony

John Edward, cousin, Fort Lauderdale, Florida

John Edward has knowledge of the difficulty Plaintiff had trying to find jobs and trying to work.

The Court finds Plaintiff's supplemental response — served on the eve of trial,[37] approximately five years after Plaintiff served his initial response to Defendant GEC's first set of interrogatory[38] — to be untimely. However, as to Nicholson Rene, while Plaintiff did not disclose him in his initial disclosure, he was disclosed in Plaintiff's supplemental disclosure, dated May 9, 2013 and served on Defendant GEC on May 13, 2013. As to the remaining individuals listed in Plaintiff's supplemental response, based on Defendant GEC's Motion *in Limine* and Plaintiff's opposition, it appbars that Plaintiff was not in compliance with Rule 26. Ergo, Plaintiff is not allowed to amend his initial response "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Plaintiff did not provide any evidence to suggest that the failure was substantially justified or harmless. Accordingly, Plaintiff is permitted to supplement his initial response to interrogatory 22 with Nicholson Rene but no other individuals listed in his supplemental response.

### 8. Interrogatory 23

Interrogatory 23 inquired about experts that Plaintiff plans to present as witnesses.[39] Plaintiff's initial response stated: "No decision regarding experts has been made at this time." Plaintiff's supplemental response stated:[40] "See Expert disclosures." Again, while the Court finds Plaintiff's supplemental response — served on the eve of trial,[41] approximately five

---

[37] *Supra*, fn.8.

[38] *Supra*, fn.9.

[39] *Defendant GEC's interrogatory 23*: Indicate name and address of any expert witnesses that may be presented as witnesses in the case. Please include a brief statement as to their opinions and the facts in which they base their opinion, together with all other requirements under FRCP 26.

[40] As noted above, it appears that Plaintiff intended for the supplemental response to be added to his initial response for interrogatory 23. This is supported by Plaintiff's assertion in his opposition that "[i]nterrogatory #19 and #20 and #23 are simply supplemented to reference the expert report of Dr. Moore, which Defendant had since the expert disclosure period."

[41] *Supra*, fn.8.

years after Plaintiff served his initial response to Defendant GEC's first set of interrogatory[42] — to be untimely, the Court finds it harmless because Plaintiff did not try to identify new expert witnesses with his supplemental response but merely referenced his expert disclosures. Accordingly, Plaintiff is permitted to supplement his initial response to interrogatory 23 with his supplemental response.

## CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Defendant GEC's Motion *in Limine* regarding interrogatories 2, 7, 15, 17, 19, 20, 22, and 23. An order consistent with this memorandum opinion will follow.

---

[42] *Supra*, fn.9.