**THERESA DAVIS, Appellant/Plaintiff**
**v.**
**VARLACK VENTURES, INC., Appellee/Defendant**

S. Ct. Civ. No. 2011-0076

Supreme Court of the Virgin Islands

July 1, 2013

DIANE M. RUSSELL, ESQ., Law Offices of Diane M. Russell, P.C., St. Croix, USVI, *Attorney for Appellant.*

ANDREW C. SIMPSON, ESQ., Andrew C. Simpson, P.C., St. Croix, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(July 1, 2013)

CABRET, *Associate Justice.* Theresa Davis appeals a jury verdict rejecting her damages claim against Varlack Ventures, Inc. for injuries she allegedly sustained while disembarking from one of Varlack's ferries. Davis argues that this Court should reverse and remand for a new trial because the Superior Court erred in denying two pre-trial motions: one to exclude medical records that were not produced during discovery, and the other seeking an adverse inference instruction based upon Varlack's failure to turn over the incident report from the day of her injury. For the reasons that follow, we affirm the trial court's judgment implementing the jury's verdict.

## I. FACTUAL AND PROCEDURAL HISTORY

In a complaint filed with the Superior Court on March 14, 2008, Davis alleged that on October 30, 2006, she lost her balance while disembarking from a vessel owned by Varlack because its employees failed to secure the guardrail on the vessel's exit ramp. Her complaint alleged that as she began to fall, one of Varlack's employees — a crewmember on the vessel — caught her with such force that she suffered neck injuries. Varlack denied these allegations, claiming that Davis's pain was the result of pre-existing conditions.

Trial took place from July 18 to 20, 2011. At the beginning of trial, the Superior Court ruled on two pre-trial motions. The first was Davis's motion for an adverse inference instruction based on Varlack's failure to produce an incident report from the day of the incident during discovery. Davis argued that it was company policy to log any incident occurring on the ship, and that Varlack's failure to produce this report during discovery was in itself evidence that the report "contains information demonstrating [Varlack]'s negligence and [Davis]'s injuries." (J.A. 157.) The court denied this motion, finding that Varlack never created the report, and therefore could not produce it in discovery.

In the second motion, a motion in limine, Davis sought to prevent Varlack from introducing her medical records from the Juan F. Luis Hospital at trial. The week before trial, Varlack subpoenaed the hospital for these records, which neither party had produced during discovery. The records documented four emergency room visits, the first in 1993 when Davis complained of neck pain after her vehicle was rear-ended. In the three other visits, in 1999, 2000, and 2002, she complained of neck pain — the cause of which was undocumented. Davis argued that because Varlack never produced these records in discovery and did not identify them as an exhibit in the Joint Final Pre-Trial Order, the court should prevent Varlack from using them at trial. In response, Varlack argued that the introduction of these records did not prejudice Davis because her counsel should have been aware of them, and that she herself should have disclosed them during discovery. The Superior Court rejected Davis's motion, noting that it could not "conclude that in this instance [Davis] was not on notice of her own hospital records." (J.A. 179.) The court explained that "[i]f anyone knew of these procedures or consultations it would be the plaintiff. And I cannot . . . disallow the use of the plaintiff's own medical records when it appears she did not herself disclose them." (J.A. 179.)

During trial, both parties presented fact and expert witnesses. The experts for both sides testified through videotaped depositions that were played for the jury; accordingly — although subject to examination by both parties' counsel at the depositions — neither expert presented live testimony at trial. Following the presentation of the evidence, the jury found that Davis had suffered no damages and awarded her nothing. Based on this finding, the Superior Court dismissed Davis's lawsuit with prejudice on August 12, 2011.

## II. JURISDICTION

We have jurisdiction over this civil appeal pursuant to title 4, section 32 of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4, § 32(a). The Superior Court entered final judgment in this case on August 12, 2011, and Davis filed a timely notice of appeal on September 9, 2011. *See* V.I.S.Ct. R. 5(a)(1); *see also In re Estate of Small*, 57 V.I. 416, 421 (V.I. 2012) (entry of order ending litigation on the merits is final and appealable under 4 V.I.C. § 32(a)).

## III. DISCUSSION

Davis argues that this Court should reverse and remand for a new trial because the Superior Court erred in denying her motion in limine and allowing Varlack to introduce her medical records from Juan F. Luis Hospital into evidence. She also argues that the Superior Court erred in denying her motion for an instruction allowing the jury to draw an inference adverse to Varlack due to its failure to produce the requested incident log from October 30, 2006.

### A. Admission of the Juan F. Luis Hospital Records

Davis asserts that the Superior Court should have granted her motion in limine because Varlack failed to identify the Juan F. Luis Hospital records during discovery. She argues that the late disclosure was prejudicial, as the publication of these records to the jury on a large video screen during her testimony only served to embarrass her by highlighting her illiteracy, and damage her credibility in comparison to Varlack's expert witnesses.[1] She further contends that Varlack withheld these records in bad faith in order to prevent her from questioning her own witnesses on their relevance. We review the denial of a motion in limine on evidentiary issues for an abuse of discretion. *People v. Todmann*, 53 V.I. 431, 436 (V.I. 2010).

### 1. *Varlack's duty to disclose*

Federal Rules of Civil Procedure 26 through 37 govern discovery in the Superior Court. SUPER. CT. R. 39(a) ("Depositions and discovery shall be

---

[1] Varlack argues that Davis's failure to "cite any portion of the record at which she objected to the use of the Juan F. Luis Hospital emergency room records when they were introduced at trial ... is grounds for this Court to affirm the judgment." (Appellee's Br. 7.) Varlack further asserts that its "counsel recalls that Davis was cross examined about the records without any objection." (Appellee's Br. 7 n.8.) While Varlack is correct that Davis failed to indicate where in the record she contemporaneously objected, the denial of the motion in limine alone is sufficient to preserve this issue on appeal because the motion in limine "specifically raised the evidentiary issues" presented to this Court, and the Superior Court definitively ruled on the motion before trial. *Bruno v. W.B. Saunders Co.*, 882 F.2d 760, 767-68 (3d Cir. 1989); *see also Gov't of the V.I. v. Joseph*, 964 F.2d 1380, 1384-85, 27 V.I. 389 (3d Cir. 1992) (trial court's denial of motion in limine sufficiently preserved the issue on appeal without contemporaneous objection where party "made a written pretrial motion" and the "[trial] court made a definitive ruling with no suggestion that it would reconsider the matter at trial") (internal quotation marks omitted).

had in the Superior Court of the Virgin Islands, pursuant to the provisions of Rules 26 to 37, inclusive of the Federal Rules of Civil Procedure."). Rule 26 requires each party to disclose all documents in its custody or control that it may use to support its claims or defenses. FED. R. CIV. P. 26(a)(1)(A)(ii). This disclosure requirement is a continuous one, requiring a party to supplement its disclosures when it becomes aware of new evidence. FED. R. CIV. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."); *see also Harriman v. Hancock Cnty.*, 627 F.3d 22, 29 (1st Cir. 2010) (noting the continuing obligation to disclose imposed by Rule 26). But a party does not have to disclose documents that will be used solely for impeachment, FED. R. CIV. P. 26(a)(1)(A) ("a party must, without awaiting a discovery request, provide to the other parties . . . a copy . . . of all documents . . . the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment"), and is relieved from the duty to supplement if the "additional or corrective information" has "otherwise been made known to the other parties during the discovery process." FED. R. CIV. P. 26(e)(1)(A).

██ Varlack does not dispute that the medical records were in its possession long before trial, admitting, in its opposition to Davis's motion in limine to the Superior Court, that it received the records in October 2008 and failed to disclose them due to confusion caused by a change in responsibilities among the law firms representing it. Instead, Varlack argues that it was not required to disclose under Rule 26(a) in this instance because it used the medical records solely for impeachment. Impeachment evidence is that offered to discredit a witness by demonstrating that the witness's testimony is unreliable. *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993). Conversely, "[s]ubstantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact." *Id.* Although Varlack did use the records to impeach the credibility of Davis's testimony — arguing at trial that these records conflicted with her testimony that she had not injured her neck before October 30, 2006 — Varlack also sought to introduce the records to support its affirmative defense that any neck pain Davis suffered was caused by pre-existing conditions. Where a party can

use evidence for both impeachment and substantive purposes, it does not fall under the exception for evidence that is *solely* for impeachment. *Chiasson*, 988 F.2d at 517-18 ("Because the [evidence] is, at the very least in part substantive, it should have been disclosed prior to trial, regardless of its impeachment value."); *Wilson v. AM General Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (holding that impeachment witnesses should have been disclosed because the proffering party should have known before trial that these witnesses could testify to substantive matters). Therefore, because the evidence had both impeachment and substantive value, the impeachment exception to Rule 26(a) did not absolve Varlack of its duty to disclose these records.

██ Varlack next argues that — even if it had a duty to disclose the records under Rule 26(a) — it did not have a duty to supplement its disclosures under Rule 26(e) because the existence of these records had "otherwise been made known" to Davis nearly a year before trial through the report of one of its experts. (Appellee's Br. 13.) The expert report found that Davis had suffered no damages because pre-existing conditions caused her symptoms, and states that "the following medical records were reviewed, including records from . . . Juan F. Luis Hospital . . . ." (J.A. 44-45.) But the report did not identify the records by date or with any specificity, nor did it discuss the content of those records. The purpose of Rule 26 is to prevent unfair surprise during trial by putting the opposing party on notice of what evidence will be introduced, *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994) ("the Rule's basic purpose [is to] prevent[] prejudice and surprise"), and — even if this passing reference was sufficient to make her aware of the records' existence — the report did not give Davis any notice that Varlack would introduce these records into evidence. *Cf. Kapche v. Holder*, 677 F.3d 454, 468-69, 400 U.S. App. D.C. 201 (2012) (holding there was no duty to supplement where witness's identity was made known to opposing party during discovery and she was identified as a potential witness at a pre-trial hearing). Accordingly, because the medical records were not solely impeachment evidence, and Davis did not have adequate notice that Varlack would introduce the records at trial, Varlack violated Rule 26(a) in failing to disclose the records and Rule 26(e) in failing to supplement its discovery disclosures.

## 2. *Rule 37 sanctions*

Davis argues that the Superior Court should have excluded the medical records from trial because they prejudiced her, as she is illiterate and unable to read or understand the contents of the records, and that it was impossible for her to become familiar with them in time for trial because Varlack disclosed them the week before trial. Due to this, she asserts that the records embarrassed her, caused irreparable damage to her and her expert witness's credibility, and confused the jury as to her current medical condition. Had the use of these records been made aware to her in a more timely fashion, Davis contends, she would have asked the expert witnesses about the records and how they impacted the case while taking depositions.

██ ██ Although Davis does not identify which rule requires the exclusion of this evidence, Rule 37 governs sanctions for Rule 26 violations. "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The "imposition of sanctions for abuse of discovery under [Rule] 37 is a matter within the discretion of the trial court." *Newman v. GHS Osteopathic, Inc. Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995) (internal quotation marks omitted). Substantial justification for failing to disclose "is satisfied if there exists a genuine dispute concerning compliance." *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 591 (D.N.J. 1997), *cited with approval in Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007); *see also Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995) (citing *Pierce v. Underwood*, 487 U.S. 552, 563-64, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)). In this case, Varlack did not argue to the Superior Court — and does not argue now — that there was a genuine dispute justifying its failure to disclose.[2] Instead, Varlack explained to the Superior Court that it did not disclose the medical records at an earlier time because of confusion caused by a

---

[2] Varlack's argument that it had no duty to disclose the records because it used them solely for impeachment could form the basis of a "genuine dispute concerning compliance," because it has a "reasonable basis in law and fact." *Fitz, Inc.*, 174 F.R.D. at 591. But Varlack did not argue before the Superior Court — and does not argue now — that this mistaken belief is the reason it did not disclose the records.

change in responsibilities among the law firms representing it. Such an excuse does not meet the test of substantial justification outlined above, as it does not constitute a "genuine dispute concerning compliance." *See, e.g., North Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F. Supp. 2d 1140, 1145 (D. Minn. 2003) (failure to disclose not substantially justified where "the only cause offered . . . is [the party's] assertion that it confused the pretrial deadlines").

■ Without a finding of justification, we must now examine whether this failure was harmless. A court should consider a number of factors in determining if a Rule 26 violation is harmless: prejudice or surprise to the opposing party; the ability of the party to cure that prejudice; the likelihood of disruption at trial; and the bad faith or willfulness of the violating party. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citing *Newman*, 60 F.3d at 156); *see also In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994) ("the exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence") (internal quotation marks and alternations omitted); *In re Mercedes-Benz Anti-Trust Litig.*, 225 F.R.D. 498, 506 (D.N.J. 2005).

■ Although Davis's illiteracy prevented her from reading the records herself, the Superior Court indicated it would "appropriately limit" any attempt by Varlack's counsel to embarrass Davis and that Davis's counsel would have an opportunity to address the records while questioning Davis and during her closing arguments.[3] (J.A. 183-184.) Further, it is clear to this Court that Davis was not prejudiced, as she was provided with notice of the existence of the records five days before trial and a copy of the medical records three days before trial. While this is not an abundant amount of time, these records are only eight pages long, (*see* J.A. 148-155), and three days should have been sufficient time for Davis to re-familiarize herself with these records with the assistance of counsel. Additionally, the Superior Court recessed for an early lunch before trial,

---

[3] We do not know whether Varlack's counsel made any attempt to embarrass Davis when the records were introduced at trial because Davis failed to include the relevant portions of her trial testimony in the Joint Appendix, as required by Supreme Court Rule 24. V.I.S.Ct. R. 24(a) ("Appellant shall prepare and file an appendix to the briefs which shall contain all . . . relevant portions of the trial transcripts, exhibit, or other parts of the record referred to in the briefs.").

one of the stated reasons for which was to give Davis an opportunity to review the records with the assistance of counsel before she testified. Moreover, Davis's arguments that she was prejudiced because she had no opportunity to question her expert on the significance of these records must also be rejected, as she never requested a continuance to allow her time to do so, nor did she seek any other accommodation, only urging the court to exclude the records.

■ Finally, Davis argues that Varlack withheld these records in bad faith. But Davis never argued to the Superior Court that Varlack's failure to disclose these records was done in bad faith, and therefore this argument is waived. V.I.S.Ct. R. 22(m) ("Issues that were . . . not raised or objected to before the Superior Court . . . are deemed waived for purposes of appeal."). Further, a finding of bad faith is a factual determination that this Court reviews only for clear error. *LaSalle Nat. Bank v. First Conn. Holding Group, LLC*, 287 F.3d 279, 288 (3d Cir. 2002) ("a [trial] court's finding of bad faith on the part of an attorney is a finding of fact[] we review . . . for clear error."); *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("Whether a litigant was at fault or acted willfully or in bad faith are questions of fact, and we review the [trial court]'s determinations for clear error."); *see generally Najawicz v. People*, S. Ct. Crim. No. 2012-0109, 58 V.I. 315, 2013 V.I. Supreme LEXIS 12, at *12 (V.I. Mar. 15, 2013) (reviewing the Superior Court's findings on attorney conduct for clear error). As Davis failed to raise bad faith with the Superior Court for it to determine in the first instance, this Court has no findings to review. Accordingly, even though Varlack violated Rule 26 in failing to disclose the Juan F. Luis Hospital records or supplement its discovery responses, the Superior Court did not abuse its discretion in allowing Varlack to introduce these records at trial, as Davis was not prejudiced and did not show that Varlack acted in bad faith.

### B. Adverse Inference Instruction

■■ Davis next argues that the Superior Court erred in failing to give her requested adverse inference instruction to the jury based on Varlack's failure to turn over the incident log from October 30, 2006. But Davis fails to cite any legal authority for this assertion. The rules of this Court require an appellant's brief to "contain the contentions of the appellant with respect to each of the issues presented, and the reasons

therefor, *with citations to the authorities, statutes,* and parts of the record relied on." V.I.S.Ct. R. 22(a)(5) (emphasis added). The rules further provide that the failure to comply with this requirement constitutes waiver. V.I.S.Ct. R. 22(m) (issues that are "unsupported by argument and citation to legal authority[] are deemed waived for purposes of appeal"). Because Davis completely fails to cite any legal authority to support her contention that the Superior Court erred in denying her adverse inference request, this argument is waived. *See, e.g., Prosser v. Public Servs. Comm'n of the U.S.V.I.,* 56 V.I. 391, 400 n.8 (V.I. 2012) (finding an issue unsupported by argument and legal citation to be waived); *Bernhardt v. Bernhardt,* 51 V.I. 341, 345-46 (V.I. 2009) ("appellate courts will only review a claimed error that . . . is supported by argument and citations to legal authority."); *see also Ibrahim v. Gov't of the V.I.,* 47 V.I. 589, 594 (D.V.I. App. Div. 2005) ("an appellant is bound to submit arguments in support of the issues presented, supported by legal authorities and applied to the facts reflected on the record").[4]

## IV. CONCLUSION

The Superior Court did not abuse its discretion by allowing Varlack to introduce the Juan F. Luis Hospital records at trial, despite Varlack's failure to include them in its Rule 26 disclosures. Additionally, Davis waived her challenge to the Superior Court's denial of her request for an adverse inference instruction, as she cites no legal authority to support her argument. Accordingly, we affirm the Superior Court's August 12, 2011 Judgment.

---

[4] Even if were to reach this issue, we would affirm the jury's verdict because this instruction would not have affected the verdict, and therefore any error was harmless. V.I.S.Ct. R. 4(i) ("No error or defect in any ruling or order . . . by the Superior Court . . . is ground for granting relief or reversal on appeal where its probable impact, in light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties."). The requested adverse inference instruction would only have permitted the jury to infer that the incident log — had it been produced — supported Davis's claim that Varlack was negligent. But the jury found in a special verdict form that Davis suffered no damages. Consequently, even if the adverse inference was proper, it would not have affected the jury's verdict. *See Lane v. Stewart,* 46 Conn. App. 172, 698 A.2d 929, 933-34 (1997) (holding that even though trial court erred in failing to give an adverse inference instruction, the error was harmless where the evidence — even if produced — could not have benefitted plaintiff).