**FRANCIS EDWARD, Plaintiff**
**v.**
**GENOA INC., KEN BROWN and GEC, LLC, Defendants**

Case No. SX-11-CV-202

Superior Court of the Virgin Islands

Division of St. Croix

January 10, 2017

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(January 10, 2017)

**THIS MATTER** came before the Court on Defendant GEC, LLC's (hereinafter "GEC") motion *in limine* re: witnesses and responses to written discovery, filed on August 29, 2016 (hereinafter "Motion *in Limine*"). Plaintiff Francis Edward (hereinafter "Plaintiff") filed an opposition on September 1, 2016.

## BACKGROUND[1]

In 2011, Plaintiff commenced a lawsuit against Genoa Inc. (hereinafter "Genoa"), Ken Brown (hereinafter "Brown"), and GEC as defendants for a work-related injury Plaintiff sustained on March 8, 2011. Plaintiff appeared to allege a negligence cause of action against Defendants[2] and sought damages along with costs and fees. Thereafter, in an order dated January 17, 2013, the Court dismissed this action with prejudice as to Genoa and Brown pursuant to their stipulation.[3]

---

[1] This memorandum opinion recites the factual background only to the extent necessary to explain the present issues and the bases of the Court's decision.

[2] Plaintiff did not plead any claims by name in his three-page first amended complaint containing 18 paragraphs. The Court has taken a liberal view of the first amended complaint to infer plausible causes of action since "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Based on the following paragraph, the Court construed the first amended complaint to allege a negligence cause of action against Defendants:

> 17. Defendant GEC, LLC so controlled the work being done by Genoa and Brown and failed to provide the Plaintiff with the needed equipment among other acts of negligence.
>
> 18. As a direct and proximate result of the Defendants' negligent acts and omissions, the Plaintiff suffered physical injuries, medical expenses, loss of income, loss of capacity to earn income, mental anguish, pain and suffering and loss of enjoyment of life all of which are expected to continue into the foreseeable future.

[3] On January 9, 2013, Plaintiff and Genoa and Brown filed a stipulation for Plaintiff to dismiss Genoa and Brown with prejudice. Defendant GEC filed a subsequent motion requesting

162

On August 29, 2016, Defendant GEC filed this instant Motion *in Limine*. This matter was initially scheduled to commence trial on September 6, 2016 but was subsequently continued to commence trial on January 23, 2017.

## STANDARD OF REVIEW

■ It is not uncommon for parties to file and for the courts to rule on motions *in limine*[4] prior to trial in this jurisdiction. *See, e.g., Corriette v. Morales*, 50 V.I. 202, 203-04 (V.I. 2008) (noting that the trial court ruled on the defendant's motions *in limine* prior to trial); *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 232 (V.I. 2013) (noting that the trial court ruled on the plaintiff's motion *in limine* at the beginning of the trial); *Creative Minds, LLC v. Reef Broad., Inc.*, ST-11-CV-131, 2014 V.I. LEXIS 81, at *23 (Super. Ct. 2014) (the court denied the motion *in limine* prior to trial). In considering a motion *in limine*, there are certain situations where the court should defer ruling on an evidentiary issue, such as when the nature and/or relevance of the evidence is unclear before trial. However, if parties had the opportunity to fully brief an issue and the Court is able to make a definitive ruling, then it is practical for the Court to rule on the evidentiary issue raised in the pretrial motion *in limine* to avoid unnecessary interruptions during trial.

## DISCUSSION

In its Motion *in Limine*, Defendant GEC argued that the testimony of certain witnesses listed on Plaintiff's non-expert witness list of the joint final pre-trial order — namely, Danny Archibald, David Kolsbum, Agnes Renee, Nicholson Renee, Jen Mathurin, and John Edward — should not be admitted because they were never noticed by Plaintiff. More specifically, Defendant GEC noted that the aforementioned witnesses were "disclosed for the first time on the Second and Third Supplemental Voluntary Disclosures Pursuant to [Federal] Rule [of Civil Procedure] 26

---

the Court to set aside the dismissal of Genoa and Brown, but ultimately, the Court denied Defendant GEC's motion and did not set aside the dismissal of Genoa and Brown.

[4] Black's Law Dictionary defines "motion *in limine*" as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial" and explains that, "[t]ypically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." BLACK'S LAW DICTIONARY, 10th ed. 2014.

and served on [Defendant] GEC on August 15, 2016 (with the exception of Danny Archibald & David Kolsbum who have never been identified)." Furthermore, Defendant GEC argued that Dr. Linda Jackson, Dr. Lex Lenard, and Dr. Sheldon Williams should not be allowed to testify "as experts in their field of medicine since the required disclosures have not been executed by the Plaintiff" and also should not be allowed to testify as "non-expert witnesses . . . as treating physicians of [P]laintiff, as they were never identified as such." Moreover, Defendant GEC argued that Plaintiff should not be allowed to amend his responses to Defendant GEC's first set of interrogatories — namely, interrogatory numbers 15, 17, 19, 20, and 23 — via a supplemental response filed on August 15, 2016. Accordingly, Defendant GEC requested the Court to grant its Motion *in Limine* and bar the admissibility of any testimony from the aforementioned witnesses and prohibit Plaintiff from amending his responses to Defendant GEC's first set of interrogatories.

In his opposition, Plaintiff argued that these witnesses were in fact previously disclosed — to wit: (1) Danny Archibald: he was disclosed by Defendant GEC in its production of employee safety training records as an equipment operator, he was noticed by Plaintiff to be deposed on September 12, 2013, and he was identified by Plaintiff in Plaintiff's deposition as the person who operated the crane for Defendant GEC; (2) David Kolsbum: he was identified as a person with knowledge by former-Defendant Genoa in its Federal Rule of Civil Procedure 26 disclosures, and Defendant GEC listed David Kolsbum's statement as a trial exhibit; (3) Nicholson Rene: he is "Defendant's father-in-law,"[5] Defendant GEC is aware of and that he has knowledge of relevant factual information and Plaintiff disclosed Nicholson Rene as a person with knowledge on May 13, 2013; (4) Jen Mathurin and John Edward: they will be called as rebuttal witnesses; (5) Dr. Sheldon Williams: he was identified in Plaintiff's response to interrogatory #17 on November 1, 2011, he was disclosed in Plaintiff's first voluntary disclosure pursuant to Federal Rule of Civil Procedure 26 on October 27, 2011, and his medical reports and bills were produced by Plaintiff on September 19, 2012 and September 25, 2012; and (6) Dr. Linda Jackson: her records were produced by Plaintiff on May 8, 2014. As to Dr. Sheldon Williams and

---

[5] In its opposition to Plaintiff's motion for reconsideration, filed on November 23, 2016, Defendant GEC indicated that Nicholson Rene is Plaintiff's father-in-law.

164

Dr. Linda Jackson, Plaintiff also noted that: (1) they should be permitted to provide full expert testimony under Federal Rule of Civil Procedure 26(a)(2)(C) since they are non-retained expert witnesses; and (2) they should also be permitted to testify as treating physicians since they were previously disclosed as Plaintiff's treating physicians. As to his supplemental response to Defendant GEC's first set of interrogatories, Plaintiff noted that he is merely fulfilling his duty to supplement under Federal Rule of Civil Procedure 26. Lastly, Plaintiff noted that she no longer plans on calling Agnes Rene and Lex Lenard to testify at trial. Accordingly, Plaintiff requested the Court to deny Defendant GEC's Motion *in Limine*.

## A. The Discovery Process

■ The Supreme Court of the Virgin Islands stated in *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 233 (V.I. 2013), that "Federal Rules of Civil Procedure 26 through 37 govern discovery in the Superior Court." (citing SUPER. CT. R. 39(a)) ("Depositions and discovery shall be had in the Superior Court of the Virgin Islands, pursuant to the provisions of Rules 26 to 37, inclusive of the Federal Rules of Civil Procedure."). Federal Rule of Civil Procedure 26 (hereinafter "Rule 26") requires each party to disclose all individuals likely to have discoverable information and all documents in its custody or control that it may use to support its claims or defenses. FED. R. CIV. P. 26(a)(1)(A).[6] Under Rule 26, this disclosure requirement is a continuous one, requiring a party to supplement its disclosures in a timely manner when it becomes aware of new evidence.

---

[6] Federal Rule of Civil Procedure 26(a)(1) provides in relevant part:
 (a) Required Disclosures.
 (1) Initial Disclosure.
 (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
 (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
 (ii) a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment. . . .

FED. R. CIV. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."); *see also Davis*, 59 V.I. at 233. The purpose of Rule 26 is "to prevent unfair surprises during trial by putting the opposing party on notice of what evidence will be introduced." *Davis*, 59 V.I. at 235. As such, if a party attempts to introduce individuals and/or documents not previously disclosed and/or produced in discovery, then said party would be in violation of Rule 26(a), for failure to disclose and produce, and Rule 26(e), for failure to supplement its discovery disclosures and productions.[7]

 Federal Rule of Civil Procedure 37 (hereinafter "Rule 37") governs sanctions for Rule 26 violations. FED. R. CIV. P. 37; *see also Davis*, 59 V.I. at 236. "The imposition of sanctions for abuse of discovery under [Rule] 37 is a matter within the discretion of the trial court." *Davis*, 59 V.I. at 236 (internal quotation marks and citation omitted). Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). However, the exclusion of evidence is not required for violations of Rule 26 as Rule 37(c)(1) explicitly states that "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard" may impose other sanctions, "including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(c)(1).

For the sake of clarity and for completeness of the record, the Court will reiterate that Plaintiff no longer plans on calling Agnes Rene and Dr. Lex Lenard to testify at the trial and note that Defendant GEC recently withdrew its Motion *in Limine as* to David Kolsbum.[8] As such, the Court

---

[7] However, a party does not have to disclose individuals or documents that will be used solely for impeachment, FED. R. CIV. P. 26(a)(1)(A) ("a party must, without awaiting a discovery request, provide to the other parties . . . a copy . . . of all documents . . . the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment"), and is relieved from the duty to supplement if the "additional or corrective information" has "otherwise been made known to the other parties during the discovery process." FED. R. CIV. P. 26(e)(1)(A).

[8] In its opposition to Plaintiff's motion for reconsideration, filed on November 23, 2016, Defendant GEC indicated that it withdrew its Motion *in Limine as* to David Kolsbum.

need not address these individuals. The Court will address Defendant GEC's remaining requests in turn.

### 1. Danny Archibald

■ Plaintiff did not dispute Defendant GEC's assertion that Danny Archibald was not disclosed in Plaintiff's initial disclosure under Rule 26. Rule 26(a) requires each party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to *support its claims or defenses*, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i) (emphasis added). Thus, the fact that Danny Archibald was "disclosed by Defendant GEC in its production of employee safety training records as an equipment operator," that Danny Archibald was noticed by Plaintiff for a deposition, and that Danny Archibald was identified by Plaintiff as the crane operator for Defendant GEC at Plaintiff's deposition, does not mean that Plaintiff was in compliance with the disclosure requirement under Rule 26 as to Danny Archibald. Ergo, Plaintiff is not allowed to call Danny Archibald at trial "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Here, Plaintiff did not provide any evidence to suggest that the failure was substantially justified or is harmless. Accordingly, the Court will grant Defendant GEC's Motion *in Limine* as to David Archibald.

### 2. Nicholson Rene

■ Plaintiff did not dispute Defendant GEC's assertion that Nicholson Rene was not disclosed in his initial disclosure under Rule 26. Here, Plaintiff disclosed Nicholson Rene in his supplemental disclosure under Rule 26, dated May 9, 2013, and served on Defendant GEC on May 13, 2013. Thus, the Court finds Plaintiff to be in compliance with the disclosure requirement under Rule 26 as to Nicholson Rene. Accordingly, the Court will deny Defendant GEC's Motion *in Limine* as to Nicholson Rene.

### 3. Jen Mathurin and John Edward

■ ■ Plaintiff did not dispute Defendant GEC's assertion that Jen Mathurin and John Edward were not disclosed in his initial disclosure under Rule 26. Instead, Plaintiff indicated in his opposition that Jen

167

Mathurin and John Edward will be called as rebuttal witnesses at trial. "Rebuttal witnesses, by their very nature, cannot always be determined until the opposing party has presented its case in chief." *Browne v. People of the Virgin Islands*, 56 V.I. 207, 232 (V.I. 2012). In the scenario, such as here, where Plaintiff has anticipated the need to call Jen Mathurin and John Edward as rebuttal witnesses, Defendant GEC failed to point to any rule or statute or authority which would require Plaintiff to disclose them prior to trial. As such, the Court will deny Defendant GEC's Motion *in Limine as* to Jen Mathurin and John Edward as rebuttal witnesses. In the event that Plaintiff changes his mind and calls Jen Mathurin and/or John Edward as witnesses in his case-in-chief, the Court will revisit the issue of whether they were properly disclosed by Plaintiff at that time.

### 4. Dr. Linda Jackson

▉ Plaintiff did not dispute Defendant GEC's assertion that Dr. Linda Jackson was not disclosed in his initial disclosure under Rule 26. However, Plaintiff noted that Dr. Linda Jackson did not start treating Plaintiff until October 25, 2013. It appears that, although Plaintiff produced Dr. Linda Jackson's medical records, Plaintiff never supplemented his initial disclosure under Rule 26 to disclose Dr. Linda Jackson. As noted above, the disclosure requirement under Rule 26 is a continuous one. FED. R. CIV. P. 26(e)(1)(A); *see also Davis*, 59 V.I. at 233. Here, Plaintiff was not in compliance with the continuous disclosure requirement under Rule 26 as to Dr. Linda Jackson. Ergo, Plaintiff is not allowed to use that information at trial "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Plaintiff did not provide any evidence to suggest that the failure was substantially justified. However, according to a notice of production dated May 8, 2014, a copy of Dr. Linda Jackson's medical records, dated October 25, 2013, was produced to Defendant GEC. Thus, the Court finds Plaintiff's failure to supplement and disclose Dr. Linda Jackson harmless because Defendant GEC was aware or should have been aware of the fact that Dr. Linda Jackson treated Plaintiff on October 25, 2013. Accordingly, the Court will deny Defendant GEC's Motion *in Limine* as to Dr. Linda Jackson. With that said, the Court must clarify that Dr. Linda Jackson will be permitted only to testify as to her treatment of Plaintiff on October 25, 2013 because it appears that, aside from the October 25, 2013 medical records, no other medical records from Dr. Linda Jackson were produced by Plaintiff.

■ As to Plaintiff's assertion that Dr. Linda Jackson, though not retained by Plaintiff as an expert witness, should be permitted to provide full expert testimony under Rule 26, the Court disagrees. In this instance, Plaintiff made it very clear that he did not retain Dr. Linda Jackson as an expert witness in this matter. The mere fact that Dr. Linda Jackson has specialized knowledge does not in and of itself render her an expert witness so long as her testimony is limited to actual perceptions. *See, e.g. Charles v. People of the Virgin Islands*, 60 V.I. 823, 840-41 (V.I. 2014) ("a witness with specialized knowledge is nevertheless a lay witness so long as the witness's testimony is limited to actual perceptions"); *Barton v. V.I. Port Auth.*, ST-10-CV-725, 2015 V.I. LEXIS 59, at *10 (Super. Ct. June 3, 2015) ("a treating physician's status as an expert or lay witness is dependent upon the content and scope of the witness' testimony"); *Burke v. People of the V.I.*, 60 V.I. 257, 266 (V.I. 2013) (the Supreme Court of the Virgin Islands affirmed the trial court conclusion that Dr. Kolodchak testified at trial as a treating physician, not as an expert witness). Thus, Dr. Linda Jackson's testimony as a treating physician will be limited to one that is rationally based on her perception, helpful to the jury in understanding the testimony or a fact in issue, and is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.[9] In other words, Dr. Linda Jackson will not be permitted to testify as an expert witness and give testimony based on "scientific, technical, or other specialized knowledge." FED. R. EVID. 702.[10] As such, the Court need not address whether Plaintiff properly disclosed Dr. Linda Jackson as an expert witness.

---

[9] Federal Rule of Evidence 701 provides:

> Rule 701. Opinion Testimony by Lay Witnesses. If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

[10] Federal Rule of Evidence 702 provides:

> Rule 702. Testimony by Expert Witnesses. A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

### 5. Dr. Sheldon Williams

██ Plaintiff disputed Defendant GEC's assertion that Dr. Sheldon Williams was not disclosed in his initial disclosure under Rule 26. Here, Plaintiff disclosed Dr. Sheldon Williams in his initial disclosure under Rule 26, dated October 27, 2011, whereby Dr. Sheldon Williams was identified as a person who "has knowledge of how the incident has affected the plaintiff" and "treated Plaintiff as a result of his injuries." Furthermore, Plaintiff also identified Dr. Sheldon Williams in his response to Defendant GEC's interrogatory #17, dated October 31, 2011, and according to the notices of production dated September 19, 2012 and September 25, 2012, Plaintiff also produced medical records and bills from Dr. Sheldon Williams. Thus, the Court finds Plaintiff to be in compliance with the disclosure requirement under Rule 26 as to Dr. Sheldon Williams. Accordingly, the Court will deny Defendant GEC's Motion *in Limine* as to Dr. Sheldon Williams.

As to Plaintiff's assertion that Dr. Sheldon Williams, though not retained by Plaintiff as an expert witness, should be permitted to provide full expert testimony under Rule 26, the Court also disagrees. In this instance, Plaintiff made it very clear that he did not retain Dr. Sheldon Williams as an expert witness in this matter. Similar to Dr. Linda Jackson, the mere fact that Dr. Sheldon Williams has specialized knowledge does not in and of itself render him an expert witness as long as his testimony is limited to actual perceptions. *See, e.g., Charles*, 60 V.I. at 840-41 ("a witness with specialized knowledge is nevertheless a lay witness so long as the witness's testimony is limited to actual perceptions"); *Barton*, ST-10-CV-725, 2015 V.I. LEXIS 59, at *10 ("a treating physician's status as an expert or lay witness is dependent upon the content and scope of the witness' testimony"); *Burke*, 60 V.I. at 266 (the Supreme Court of the Virgin Islands affirmed the trial court conclusion that Dr. Kolodchak testified at trial as a treating physician, not as an expert witness). Thus, Dr. Sheldon William's testimony as a treating physician will be limited to one that is rationally based on his perception, helpful to the jury in understanding the testimony or a fact in issue, and is "not based on

---

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.[11] In other words, Dr. Sheldon Williams, like Dr. Linda Jackson, will not be permitted to testify as an expert witness and give testimony based on "scientific, technical, or other specialized knowledge." FED. R. EVID. 702.[12] As such, the Court need not address whether Plaintiff properly disclosed Dr. Sheldon Williams as an expert witness.

### 6. Written Discovery Responses

The Court does not have sufficient information at this time to address Defendant GEC's assertion that Plaintiff should not be allowed to amend his responses to Defendant GEC's first set of interrogatories — namely, interrogatory numbers 15, 17, 19, 20, and 23 — via a supplemental response filed on August 15, 2016. Neither Defendant GEC nor Plaintiff submitted a copy of Defendant GEC's first set of interrogatories, Plaintiff's responses thereto, or Plaintiff's first supplemental responses thereto. Accordingly, the Court will order Defendant GEC to file a copy of the aforementioned documents. The Court will reserve ruling as to Defendant GEC's Motion *in Limine* regarding the written discovery responses pending receipt of the aforementioned documents.

### CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Defendant GEC's Motion *in Limine*. An order consistent with this memorandum opinion will follow.

---

[11] *Supra*, fn.10.
[12] *Supra*, fn.11.