**FRANCIS EDWARD, Plaintiff**
**v.**
**GENOA INC., KEN BROWN and GEC, LLC, Defendants**

Case No. SX-11-CV-202

Superior Court of the Virgin Islands

Division of St. Croix

January 20, 2017

WILLOCKS, *Administrative Judge*

**MEMORANDUM OPINION**

(January 20, 2017)

**THIS MATTER** came before the Court on Plaintiff Francis Edward's (hereinafter "Plaintiff") motion *in limine* to bar witnesses which Defendant GEC, LLC (hereinafter "GEC") has failed to provide Federal Rule of Civil Procedure 26 information and documents not provided to Plaintiff in discovery and exhibits not admissible and to limit the testimony of Dr. Walter Pedersen, filed on August 31, 2016 (hereinafter "Motion *in Limine*"). Thereafter, Defendant GEC filed an opposition and Plaintiff filed a reply.

## BACKGROUND[1]

In 2011, Plaintiff commenced a lawsuit against Genoa Inc. (hereinafter "Genoa"), Ken Brown (hereinafter "Brown"), and GEC as defendants for a work-related injury Plaintiff sustained on March 8, 2011. Plaintiff appeared to allege a negligence cause of action against Defendants[2] and sought damages along with costs and fees. Thereafter, in an order dated January 17, 2013, the Court dismissed this action with prejudice as to Genoa and Brown pursuant to their stipulation.[3]

On August 31, 2016, Plaintiff filed this instant Motion *in Limine*. On October 3, 2016, the Court entered an order whereby the Court, *inter alia*, permitted Defendant GEC's witness Frank Weatherwax to testify at trial, ordered Defendant GEC to submit copies of Exhibits 9, 10, and 11 listed on Defendant GEC's exhibit list of the joint final pre-trial order (hereinafter "Exhibit 9," "Exhibit 10," and "Exhibit 11" respectively), and ordered Defendant GEC to submit documents showing that Dr. Walter Pedersen and Dr. Jose Lopez Reymundi were properly disclosed and explain what capacity they will be used as witnesses. On October 11, 2016, Defendant GEC filed a motion in compliance with the Court's October 3, 2016 order. However, Exhibits 9, 10, and 11 were not attached. On January 10, 2017, the Court entered an order whereby the Court, *inter*

---

[1] This memorandum opinion recites the factual background only to the extent necessary to explain the present issues and the bases of the Court's decision.

[2] Plaintiff did not plead any claims by name in his three-page first amended complaint containing 18 paragraphs. The Court has taken a liberal view of the first amended complaint to infer plausible causes of action since "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Based on the following paragraph, the Court construed the first amended complaint to allege a negligence cause of action against Defendants:

> 17. Defendant GEC, LLC so controlled the work being done by Genoa and Brown and failed to provide the Plaintiff with the needed equipment among other acts of negligence.
> 18. As a direct and proximate result of the Defendants' negligent acts and omissions, the Plaintiff suffered physical injuries, medical expenses, loss of income, loss of capacity to earn income, mental anguish, pain and suffering and loss of enjoyment of life all of which are expected to continue into the foreseeable future.

[3] On January 9, 2013, Plaintiff and Genoa and Brown filed a stipulation for Plaintiff to dismiss Genoa and Brown with prejudice. Defendant GEC filed a subsequent motion requesting the Court to set aside the dismissal of Genoa and Brown, but ultimately, the Court denied Defendant GEC's motion and did not set aside the dismissal of Genoa and Brown.

*alia*, denied Plaintiff's Motion *in Limine* as to Exhibit 9[4] and ordered Defendant GEC to submit Exhibits 10[5] and 11.[6] On January 13, 2017, Defendant GEC submitted Exhibits 10 and 11. This matter is currently scheduled to commence trial on January 23, 2017.[7]

## STANDARD OF REVIEW

█ It is not uncommon for parties to file and for the courts to rule on motions *in limine*[8] prior to trial in this jurisdiction. *See, e.g., Corriette v. Morales*, 50 V.I. 202, 203-04 (V.I. 2008) (noting that the trial court ruled on the defendant's motions *in limine* prior to trial); *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 232 (V.I. 2013) (noting that the trial court ruled on the plaintiff's motion *in limine* at the beginning of the trial); *Creative Minds, LLC v. Reef Broad., Inc.*, ST-11-CV-131, 2014 V.I. LEXIS 81, at *23 (Super. Ct. 2014) (the court denied the motion *in limine* prior to trial). In considering a motion *in limine*, there are certain situations where the court should defer ruling on an evidentiary issue, such as when the nature and/or relevance of the evidence is unclear before trial. However, if parties had the opportunity to fully brief an issue and the Court is able to make a definitive ruling, then it is practical for the Court to rule on the evidentiary issue raised in the pretrial motion *in limine* to avoid unnecessary interruptions during trial.

## DISCUSSION

In his Motion *in Limine*, Plaintiff argued that Exhibits 10 and 11 are inadmissible hearsay statements. More specifically, Plaintiff argued that: (1) as to Exhibit 10, "Statement given by David Allen to Genoa, Inc.": "Defendant [GEC] did not list him as a witness on the Joint Final Pretrial

---

[4] According to the joint final pre-trial order, Exhibit 9 is a "Statement given by Frank Weatherwax to Genoa, Inc."

[5] According to the joint final pre-trial order, Exhibit 10 is a "Statement given by David Allen to Genoa, Inc."

[6] According to the joint final pre-trial order, Exhibit 11 is a "Statement given by David Kolsbum to Genoa, Inc."

[7] This matter was initially scheduled to commence trial on September 6, 2016.

[8] Black's Law Dictionary defines "motion *in limine*" as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial" and explains that, "[t]ypically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." BLACK'S LAW DICTIONARY, 10th ed. 2014.

Order and as such, his statement is inadmissible as hearsay"; and (2) as to Exhibit 11, "Statement given by David Kolsbum to Genoa, Inc.": "Defendant [GEC] has failed to list David Kolsbu[m] as a witness on the Joint Final Pretrial Order and as such, his statement is hearsay." Plaintiff pointed out that these aforementioned statements are not prior testimony that was subject to cross examination and they are not an opposing party's statement under Federal Rule of Evidence 801(d)(2). In sum, Plaintiff argued that these statements "fail[ed] to qualify for any exception to the rule against hearsay." As to Dr. Jose Lopez Reymundi's expert report, listed as Exhibit 16 on Defendant GEC's exhibit list of the joint final pre-trial order (hereinafter "Exhibit 16"), Plaintiff noted that the expert report is not admissible into evidence as an exhibit. As to Dr. Walter Pedersen, Plaintiff argued that Dr. Walter Pedersen: (1) should not be permitted to testify as a fact witness because "he is not and never has been Plaintiff's treating physician" and (2) should not be permitted to testify as an expert witness because Defendant GEC failed to properly disclose Dr. Walter Pedersen under Federal Rule of Civil Procedure 26(a)(2). Accordingly, Plaintiff requested the Court to grant its Motion *in Limine* and bar the admissibility of Exhibits 10, 11, and 16, and any testimony from Dr. Walter Pedersen.

In its opposition, Defendant GEC argued that Exhibits 10 and 11 are admissible because they "qualify under exception against hearsay [Federal Rule of Evidence] 801(d)(2) as statement by party opponent." More specifically, Defendant GEC argued that these statements were "made by representatives of Genoa, a defendant in this matter and in that capacity as employee representatives of Genoa" and these statements were "manifested and adopted as true, statements authorized by Genoa concerning the issue in this case and within the scope of the employment." Defendant GEC also argued that these statements may also be admissible pursuant to "Federal Rule of Evidence 804(b)(1)(A)(GB) [sic]" and "Federal Rule of Evidence 807." As to Exhibit 16, Defendant GEC pointed out that Dr. Jose Lopez Reymundi's expert report was properly disclosed to Plaintiff under Federal Rule of Civil Procedure 26 and Plaintiff had prior knowledge of it. As to Dr. Walter Pedersen, Defendant GEC noted that Dr. Walter Pedersen was never retained as an expert witness. Instead, Defendant GEC noted that Dr. Walter Pedersen was retained to testify to his evaluation of Plaintiff, performed in relation to Plaintiff's request for Social Security benefits for disability. Defendant GEC asserted that this is relevant evidence, and thus, Dr. Walter Pedersen should be permitted to testify at trial.

In his reply, Plaintiff argued that Exhibits 10 and 11 are not admissible as a statement by an opposing party because: (1) Genoa is not a defendant in this matter and (2) the affidavits were "made by persons employed as laborers for Genoa and were in no way the statements of a management employee with the ability to bind Genoa."

### A. Exhibits 10 and 11.

According to the joint final pre-trial order, Exhibit 10 is a "Statement given by David Allen to Genoa, Inc." and Exhibit 11 is a "Statement given by David Kolsbum to Genoa, Inc." In actuality, Exhibit 10 is a document titled "Employee Affadavit [sic]," dated May 12, 2011, with "GENOA INC." and its address printed on the top left comer, that includes several questions regarding "Francis Edwards" and David Allen's responses thereto. Exhibit 10 is signed by David Allen and purportedly notarized but missing the required notary seal. Similarly, Exhibit 11 is a document titled "Employee Affadavit [sic]," dated May 12, 2011, with "GENOA INC." and its address printed on the top left comer, that includes several questions regarding Francis Edwards and David Kolsbum's responses thereto. Exhibit 11 is signed by David Kolsbum and purportedly notarized but missing the required notary seal.

Under Federal Rule of Evidence 801, hearsay means a statement that: "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801. Hearsay is inadmissible under Federal Rule of Evidence 802 unless any of the following provides otherwise: a federal statute, Federal Rules of Evidence; or other rules prescribed by the Supreme Court of the United States. FED. R. EVID. 802. Defendant GEC argued that Exhibits 10 and 11 are admissible under Federal Rules of Evidence 801(d)(2), 804(b)(1) and 807. The Court will address each argument in turn.

#### 1. Federal Rule of Evidence 801(d)(2)(A) and (B)[9]

█ Under Federal Rule of Evidence 801(d)(2)(A), a "statement that is offered against an opposing party and was made by the party in an

---

[9] Defendant GEC's argued that Exhibits 10 and 11 are admissible pursuant to Federal Rule of Evidence 801(d)(2) because these statements were "made by representatives of Genoa, a defendant in this matter and in that capacity as employee representatives of Genoa" and "adopted as true, statements authorized by Genoa concerning the issue in this case and within the scope of the employment."

individual or representative capacity is not considered hearsay." FED. R. EVID. 801(d)(2)(A). Similarly, under Federal Rule of Evidence 801(d)(2)(B), a "statement that is offered against an opposing party and is one the party manifested that it adopted or believed to be true is also not considered hearsay." FED. R. EVID. 801(d)(2)(B). In this instance, David Allen and David Kolsbum were both employees of Genoa when they made their statements respectively in Exhibits 10 and 11. At trial, Defendant GEC wishes to tender Exhibits 10 and 11 — statements made by Genoa via its employees or allegedly adopted by Genoa — against Plaintiff to prove the truth of the matter asserted therein. This clearly does not fall within the scope of Federal Rule of Evidence 801(d)(2)(A) or (B) because these statements were not made by Plaintiff or adopted by Plaintiff — instead, these statements were made by made by Genoa via its employees or allegedly adopted by Genoa — being offered against Plaintiff. Accordingly, Defendant GEC's reliance on Federal Rule of Evidence 801(d)(2) is misplaced.

### 2. *Federal Rule of Evidence 804(b)(1)*

■ Under Federal Rule of Evidence 804(b)(1), former testimony is admissible as an exception to the rule against hearsay if the declarant is unavailable as a witness and the testimony "was given as a witness at a trial, hearing, or lawful deposition" and "is not offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination." FED. R. EVID. 804(b)(1). A declarant is considered to be unavailable as a witness if the declarant falls under one of the criteria listed under Federal Rule of Evidence 804(a). Here, Defendant GEC never asserted that David Allen or David Kolsbum are unavailable as a witness under Federal Rule of Evidence 804(a). Furthermore, neither David Allen nor David Kolsbum gave his testimony "as a witness at a trial, hearing, or lawful deposition" and their testimonies were "not offered against a party whose predecessor in interest had an opportunity and similar motive to develop it by direct, cross-, or redirect examination." As such, these statements do not fall under the former testimony exception. Accordingly, Defendant GEC's reliance on Federal Rule of Evidence 804(b)(1) is misplaced.

206

### 3. *Federal Rule of Evidence 807*

■ Under Federal Rule of Evidence 807, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Federal Rules of Evidence 803 or 804 if: "the statement has equivalent circumstantial guarantees of trustworthiness; it is offered as evidence of a material fact; it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and admitting it will best serve the purposes of these rules and interests of justice." FED. R. EVID. 807. Here, Defendant GEC never explained how David Allen and David Kolsbum's statements have "equivalent circumstantial guarantees of trustworthiness" or why they are "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts" or why admitting them "will best serve the purposes of these rules and interests of justice." Defendant GEC simply stated that "these statements may be ruled admissible per . . . FRE 807 also known as the residual exception." There is nothing before the Court that would support a finding that David Allen and David Kolsbum's statements have "equivalent circumstantial guarantees of trustworthiness," that they are "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts," and that admitting them "will best serve the purposes of these rules and interests of justice." As such, these statement do not fall under the residual exception. Accordingly, Defendant GEC's reliance on Federal Rule of Evidence 807 is misplaced.

Based on the above, the Court will grant Plaintiff's Motion *in Limine* as to Exhibits 10 and 11.

### B. Exhibit 16.

In the joint final pre-trial order, Defendant GEC listed Dr. Jose Lopez Reymundi as one of its expert witnesses and listed Dr. Jose Lopez Reymundi's expert report as its Exhibit 16. Based on Plaintiff's arguments in his Motion in Limine, Plaintiff only objected to the tendering of Dr. Jose Lopez Reymundi's expert report into evidence at trial and did not object to Dr. Jose Lopez Reymundi testifying at trial as Defendant GEC's expert witness. Thus, the only issue before the Court is the admissibility of Dr. Jose Lopez Reymundi's expert report.

██ In his Motion *in Limine*, Plaintiff argued that expert reports are not admissible. However, Plaintiff's assertion was not supported by any binding legal authority. Instead, Plaintiff cited to an Illinois case and a California case — *Thakore v. Universal Mach. Co. of Pottstown, Inc.*, 670 F. Supp. 2d 705, 724 (N.D. Ill. 2009) and *Kirola v. City & Cty. of San Francisco*, No. C 07-03685 SBA, 2010 U.S. Dist. LEXIS 97634 (N.D. Cal. Sept. 2, 2010) — without providing any explanation as to why this Court should follow the ruling of the aforementioned courts. In fact, it appears that this bright-line rule does not exist in this jurisdiction. *See Malloy v. Reyes*, 61 V.I. 163, 183 (V.I. 2014) (the Supreme Court of the Virgin Islands noted that the expert report was admitted into evidence without objection). To be admissible at trial, an expert report, like any other document, must satisfy the requirements of Federal Rule of Civil Procedure 26 and must be admissible under Federal Rules of Evidence, but with the heightened requirement that the opinions and conclusions contained in the expert report must be admissible under Federal Rule of Evidence 702. Accordingly, the Court will deny Plaintiff's Motion *in Limine* without prejudice as to Exhibit 16. In the event that Defendant GEC tenders Exhibit 16 into evidence at trial and Plaintiff wishes to raise other objections, the Court will revisit the admissibility of Exhibit 16 at that time.

### C. Dr. Walter Pedersen.

█ In the joint final pre-trial order, Defendant GEC listed Dr. Walter Pedersen as one of its non-expert witnesses. Moreover, Defendant GEC noted in its opposition that "Dr. [Walter] Pedersen is not being retained as an expert." In fact, Defendant GEC stated that Dr. Walter Pedersen was retained to testify to his evaluation of Plaintiff, performed in relation to Plaintiff's request for Social Security benefits for disability. The mere fact that Dr. Walter Pedersen has specialized knowledge does not in and of itself render him an expert witness so long as his testimony is limited to actual perceptions. *See, e.g., Charles v. People of the Virgin Islands*, 60 V.I. 823, 840-41 (V.I. 2014) ("a witness with specialized knowledge is nevertheless a lay witness so long as the witness's testimony is limited to actual perceptions"). Thus, the only issue before the Court is whether Dr. Walter Pedersen should be permitted to testify as a lay witness. As

such, unlike what Plaintiff argued, Federal Rule of Civil Procedure 26(a)(2) is not applicable to Dr. Walter Pedersen.[10]

■ As to Plaintiff's assertion that Dr. Walter Pedersen should not be permitted to testify as a lay witness because "he is not and never has been Plaintiff's treating physician," Plaintiff failed to point to any rule or statute or authority that which would require Dr. Walter Pedersen to be Plaintiff's treating physician before testifying as a lay witness. Federal Rule of Evidence 701 provides that:

> Rule 701. Opinion Testimony by Lay Witness. If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Thus, Dr. Walter Pedersen's testimony as a doctor who personally evaluated Plaintiff falls under Federal Rule of Evidence 701 and his testimony will be limited to one that is rationally based on his perception, helpful to the jury in understanding the testimony or a fact in issue, and is not based on scientific, technical, or other specialized knowledge within the scope of Federal Rule of Evidence 702. FED. R. EVID. 701. Accordingly, the Court will deny Plaintiff's Motion *in Limine* as to Dr. Walter Pedersen.

## CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Plaintiff's Motion *in Limine*. An order consistent with this memorandum opinion will follow.

---

[10] The Supreme Court of the Virgin Islands stated in *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 233 (V.I. 2013), that "Federal Rules of Civil Procedure 26 through 37 govern discovery in the Superior Court." (citing SUPER. CT. R. 39(a)) ("Depositions and discovery shall be had in the Superior Court of the Virgin Islands, pursuant to the provisions of Rules 26 to 37, inclusive of the Federal Rules of Civil Procedure."). Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony and requires each party to disclose "the identity of any witnesses it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2).